**UNITED STATES**

v.

**Charles Anthony BRIGHT, 456 84 1286, Aviation Antisubmarine Warfare Technician Airman (E–3), U.S. Navy.**

**NMCM 84 4577.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 20 July 1984.

Decided 25 April 1985.

LCDR Frederick N. Ottie, JAGC, USN, Appellate Defense Counsel.

LT Rickey P. Roecker, JAGC, USNR, Appellate Defense Counsel.

LT Michael Mudgett, JAGC, USNR, Appellate Government Counsel.

Before GREGORY,. Senior Judge, and MITCHELL and BARR, JJ.

MITCHELL, Judge:

The appellant stands convicted of wrongful appropriation of a motor vehicle, drunk driving and violation of a general order. He avers that the pertinent general order is not punitive and that the evidence is insufficient to sustain the drunk driving conviction.

The relevant general order is Commander U.S. Naval Forces, Japan Instruction (COMNAVFORJAPANINST) 5800.9k of 20 November 1978, Vehicle Operations, Traffic Control and Administrative Penalties. This order contains a provision which requires command personnel operating civilian vehicles in Japan to have a United States Forces Japan (USFJ) civilian vehicle operator's permit.[1] At trial the appellant moved to dismiss the general order charge on the ground that the order was an administrative regulation and not a punitive one, citing numerous provisions in the order having administrative character and/or requiring implementing action by subordinate commanders.

 The analysis of the character of a given regulation requires consideration of the order as a whole, giving significant weight to its stated purpose, to determine whether or not the regulation is just a guideline for the conduct of a military function; whether or not the basic intent of the order is to regulate the conduct of individual members of the command or servicemembers located in a specified area; whether or not the direct application of sanctions to its violators is self-evident from its provisions; and whether or not the regulation requires implementation by subordinate commanders for its vitality as a code of conduct. *United States v. Blanchard*, 19 M.J. 196 (C.M.A.1985); *United States v. Nardell*, 21 U.S.C.M.A. 327, 45 C.M.R. 101 (1972); *United States v. Woodrum*, 20 U.S.C.M.A. 529, 43 C.M.R. 369 (1971); *United States v. Benway*, 19 U.S.C.M.A. 345, 41 C.M.R. 345 (1970); *United States v. Baker*, 18 U.S.C.M.A. 504, 40 C.M.R. 216 (1969); *United States v. Tassos*,

---

**1.** 301. *Driving Privileges.* The operation of a privately owned motor vehicle in Japan is a conditional privilege extended by the installation commander. Individuals desiring the privilege will meet the following sustaining conditions: .... c. Possess while operating a motor vehicle and produce on demand of law enforcement personnel: .... (2) A current USFJ Form 4 (Operator's Permit For Civilian Vehicle).

18 U.S.C.M.A. 12, 39 C.M.R. 12 (1968); *United States v. Farley,* 11 U.S.C.M.A. 730, 29 C.M.R. 546 (1960); *United States v. Hogsett,* 8 U.S.C.M.A. 681, 25 C.M.R. 185 (1958); *United States v. Horton,* 17 M.J. 1131 (N.M.C.M.R.1984). Thus, while the portion of COMNAVFORJAPANINST 5800.9k set forth *supra* n. 1 may be suggestive of a nonpunitive regulation when viewed in isolation, the other factors bearing upon the issue may produce a different conclusion. It is abundantly clear that the courts are not willing to give punitive effect to general orders (the knowledge of which is conclusively presumed) when there is inadequate notice of such effect, the effect being so masked by administrative provisions that fundamental fairness dictates that the intended punitive effect be nullified. *Cf. United States v. Scott,* 22 U.S.C.M.A. 25, 46 C.M.R. 25 (1972). It is also clear that a regulation need not contain exclusively provisions which are to be punitively applied to a member who violates the order. *See United States v. Blanchard, supra.*[2]

Pertinent provisions of COMNAVFORJAPANINST 5800.9k are as follows (emphasis is supplied):

Subj: Vehicle Operations, Traffic Control, and Administrative Penalties.

\* \* \* \* \* \*

1. *Purpose.* To establish uniform policies, standards, procedures and *regulations* for Naval Forces, Japan, .... for *motor vehicle operations,* control of traffic and administrative disposition of traffic offenses.

\* \* \* \* \* \*

3. *Scope.* This instruction applies to *all military personnel* and their dependents....

\* \* \* \* \* \*

4. *Action.* All Navy and Marine Corps activities in Japan.... shall adhere to *and all persons enumerated in paragraph 3 above shall obey the regulations published herein.*

\* \* \* \* \* \*

SUSPENSION AND REVOCATION

\* \* \* \* \* \*

401.e. Administrative penalties provided in this order apply restrictions to operator's permits of licensed drivers. *Other sanctions, including action under the Uniform Code of Military Justice,* are available in those situations involving unlicensed offenders.

Other provisions prohibit the painting of privately-owned motor vehicles to resemble publicly-owned motor vehicles, preclude military or commercial drawings or slogans on privately-owned automobiles and require privately-owned motor vehicles to bear Japanese license plates. Still other provisions obligate members to comply with all traffic regulations and laws, to comply with military and Japanese registration requirements to possess proof of vehicle ownership or operating permission while operating a vehicle and, when required, to attend remedial driver training and/or alcohol/drug rehabilitation programs. There are also provisions governing implied consent to the chemical test of an operator's breath, blood or urine. Various administrative sanctions and guidelines are set forth, as are numerous other provisions governing individual conduct and responsibility.

This court is not confronted with the isolated provision lost in a sea of administrative direction, operating procedures and guidelines to subordinate commanders which plagued the Court of Military Appeals in *United States v. Scott, supra, United States v. Nardell, supra, United States v. Farley, supra, United States v.*

---

**2.** While it is suggested in the Government's brief that *United States v. Hogsett* stands for the contrary proposition, a fair reading of that case reveals that the analytical scheme of the Court of Military Appeals was consistent with all other cases on the subject. The Court of Military Appeals manifestly did not resolve the case solely upon the combining of punitive and nonpunitive provisions into one order. The Court merely concluded that the postal order in question was entirely nonpunitive because of its purpose and content. *United States v. Hogsett, supra,* at 8 U.S.C.M.A. 685, 25 C.M.R. 189.

*Hogsett, supra,* and the host of other cases involving the issue of punitive orders. A substantial percentage of the bulk of COM-NAVFORJAPANINST 5800.9k sets forth regulations of personal conduct. The stated purposes and scope of the directive, as well as the action directed therein, are clearly directed at individual conduct. Sanctions are directed at individual violators. There is plainly no need for the issuance of implementing orders by subordinate commanders to give the instruction vitality as a code of conduct, albeit there is a need for such implementing directives to set up some of the collateral administrative machinery.

We hold that COMNAVFORJAPAN-INST 5800.9k of 20 November 1978 is a punitive order in respect to its regulation of individual conduct. *United States v. Blanchard, supra; United States v. Horton, supra. See United States v. Grey,* 1 M.J. 874 (A.F.C.M.R.1976).

We caution the drafters of general orders to bear in mind the sage advice of Judge Duncan:

> ... (I)f a general order is to provide a course of conduct for servicemen and a criminal sanction for a failure to abide by it, we see no reason why the drafter of the order cannot clearly state therein to whom the provisions are applicable and whether or not further implementation is required as a condition to its effectiveness as a criminal law.

*United States v. Scott, supra,* 22 U.S.C. M.A. at 29, 46 C.M.R. at 29. While the character of COMNAVFORJAPANINST 5800.9k cannot be seriously doubted, litigation may have been saved had the drafters of that directive followed Judge Duncan's counsel and been more direct and blunt in respect to the provisions regarding personal conduct.

The appellant also challenges the sufficiency of the evidence to sustain the findings of guilty of wrongful appropriation of a van beyond a reasonable doubt. On contested facts, the appellant defended against a vehicle larceny charge at trial by developing evidence that he was too intoxicated at the time to form any specific intent. *See United States v. Thomson,* 3 M.J. 271 (C.M.A.1977). After hearing the evidence and being appropriately instructed, the court found the appellant guilty of the lesser offense of wrongful appropriation, also a specific intent offense. Paragraph 200b, *Manual for Courts-Martial, 1969 (Rev.).*

There is no question regarding the sufficiency of evidence as a matter of law if there is some competent evidence from which the fact-finder could conclude beyond a reasonable doubt the existence of each of the elements of the offenses charged. *See United States v. Zammit,* 16 M.J. 330, 332 (C.M.A.1983). On review, the relevant question is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), *reh'g denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). Since the responsibility for determining the accuracy and weight of the testimony and evidence, the relevant inferences to be drawn, the bias of witnesses and the truth is that of the trier of fact who saw and heard the witnesses, the trial court determinations are worthy of due deference on review. *United States v. Doctor,* 7 U.S.C.M.A. 126, 137, 21 C.M.R. 252, 263 (1956). *See also* Article 66(c), Uniform Code of Military Justice; *United States v. Collier,* 1 M.J. 358, 366 (C.M.A. 1976); *United States v. Frierson,* 20 U.S. C.M.A. 452, 454, 43 C.M.R. 292, 294 (1971). In performing its duty, the trier of fact may consider the personal interest which an accused has in the results of the trial and may believe or reject an accused's testimony in whole or in part. *United States v. Ferenczi,* 10 U.S.C.M.A. 3, 6, 27 C.M.R. 77, 80 (1958). *Accord, United States v. Harris,* 8 M.J. 52, 59 (C.M.A.1979). The trial court's decision on which witnesses to believe should not be set aside if there is any substantial evidence in the record to support that decision. *United States v. Ferenczi, supra.* Voluntary intoxication

alone is not a defense unless it is to such a degree that the mental faculties of an accused have been so impaired that a specific intent cannot be formed. *United States v. Wright*, 6 U.S.C.M. 186, 189, 19 C.M.R. 312, 315 (1955).

■ There is evidence of record to show that the appellant was capable of entering the van, searching it until he found the ignition key in the glove box, inserting the key in the ignition, starting the van and driving it away. The appellant could remember events occurring prior to 0100 on the night in question, could recall events occurring after 0400, but could remember nothing about events which occurred during the critical period in which the van was taken. This convenient memory loss suggests both fabrication and an appreciation of the awareness of the wrongfulness of his conduct. When stopped by the military police, the appellant said that he had borrowed the van from a friend, a fabrication which also reflects an appreciation of the character of his conduct. The apprehending military policeman opined that, though intoxicated, the appellant understood his rights and knew what was going on. A comparison of rights statements executed by the appellant following his apprehension and some ten hours later reflect no absence of motor control suggestive of severe intoxication. We conclude, therefore, that there was sufficient competent evidence of record from which a rational trier of fact could have found beyond a reasonable doubt that the appellant did have the capacity to form a specific intent at the time the van was taken. In the exercise of our fact-finding power, we have reviewed the competent evidence of record and are also convinced beyond a reasonable doubt of the appellant's guilt of wrongful appropriation of the van.

In view of the foregoing, we conclude that the findings and sentence as approved on review below are correct in law and fact, and we affirm.

Senior Judge GREGORY and Judge BARR concur.