UNITED STATES, Appellee,

v.

Melvin TURNER, Jr., Gunnery
Sergeant, U.S. Marine Corps,
Appellant.

No. 56, 162.

NMCM 85 4044.

U.S. Court of Military Appeals.

Dec. 18, 1987.

For Appellant: *Lieutenant Commander
Robert J. Smith*, JAGC, USN (argued);
*Lieutenant J. Cunyon Gordon*, JAGC,
USN (on brief); *Lieutenant Colonel Rich-
ard E. Ouellette.*

For Appellee: *Lieutenant Scott A. Ha-
gen*, JAGC, USNR (argued); *Captain
Wendell A. Kjos*, JAGC, USN, *Major J.S.
Uberman*, USMC, and *Major C.D. Baker,
Jr.*, USMCR (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Contrary to his pleas, a general court-
martial composed of officer and enlisted
members convicted Turner of the premedi-
tated murder of his infant daughter, in
violation of Article 118, Uniform Code of
Military Justice, 10 U.S.C. § 918. He was
sentenced to total forfeitures, reduction to
the lowest pay grade, and to be put to
death. The convening authority approved
the findings, but commuted the death sen-
tence to life imprisonment plus a dishonor-
able discharge, and approved the sentence
as thus commuted. The Court of Military
Review affirmed; and we granted review
to consider:

> WHETHER THE NAVY–MARINE
> CORPS COURT OF MILITARY RE-
> VIEW FAILED TO COMPLY WITH ITS
> STATUTORY MANDATE UNDER AR-
> TICLE 66 WHEN IT AFFIRMED AP-
> PELLANT'S CONVICTION WITHOUT
> REGARD TO THE FACTUAL SUFFI-
> CIENCY OF THE EVIDENCE AND AN
> EVALUATION OF THE CREDIBILITY
> OF THE WITNESSES.

The parties agree that under Article
66(c) of the Uniform Code, 10 U.S.C.
§ 866(c), the Court of Military Review has
the duty of determining not only the legal
sufficiency of the evidence but also its fac-
tual sufficiency. The test for the former is
whether, considering the evidence in the
light most favorable to the prosecution, a
reasonable factfinder could have found all
the essential elements beyond a reasonable
doubt. *Jackson v. Virginia*, 443 U.S. 307,
319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560

(1979). For factual sufficiency, the test is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of the Court of Military Review are themselves convinced of the accused's guilt beyond a reasonable doubt.

■ Appellant now complains that it is unclear from the opinion of the Court of Military Review whether that court inquired only as to legal sufficiency or whether, instead, it made its own determination from the evidence of record that Turner was guilty. In this regard, the relevant language in the opinion below is:

> Finally, we find that the evidence adduced at trial was sufficient to justify the determination of the trier of fact that the appellant premeditated the murder of his infant daughter. *United States v. Bright,* 20 M.J. 661 (NMCMR 1985). With respect to premeditation the MCM provides,
>
>> Premeditated murder is murder committed after the formation of a specific intent to kill someone and consideration of the act intended. It is not necessary that the intention to kill have been entertained for any particular or considerable length of time. When a fixed purpose to kill has been deliberately formed, it is immaterial how soon afterwards it is put into execution. The existence of premeditation may be inferred from the circumstances.
>
> MCM, Part IV, para. 43c(2)(a) (1984). The events leading up to the murder, the motive for the killing, the viciousness of the attack, and appellant's statements and actions after the act circumstantially established his premeditated design to kill his daughter and the considered deliberation of his vicious assault.

Unpub. op. at 3–4.

The ambiguity stems from the court's finding that the evidence "was sufficient to justify the determination of the trier of fact." Confusion is compounded by the citation to *United States v. Bright, supra,* which discussed legal sufficiency but which also referred to the exercise of the factfinding power of the Court of Military Review.

In other cases, *Bright* has been cited by the Court of Military Review with respect to the issue of legal sufficiency, *see, e.g., United States v. Barber,* 23 M.J. 761 (N.M.C.M.R.1986); *United States v. Bankston,* 22 M.J. 896 (N.M.C.M.R.1986). In these cases, it appears that *Bright* was relied on only with reference to the test of legal sufficiency that would be employed by a court—like our own Court—which lacked factfinding power. Accordingly, appellate defense counsel insist that *Bright* was cited by the court below because it was concerned only with meeting the requirements of *Jackson v. Virginia, supra,* and that it was not attempting to determine for itself from the evidence of record whether Turner was actually guilty, as found by the court-martial.

Consistent with the factfinding power that it confers on the Court of Military Review, Article 66 of the Code requires that court to evaluate not only the sufficiency of the evidence but also its weight. Appellate government counsel concede that, if the court below failed to perform this review, then appellant was deprived of an important safeguard; and, in that event, the case should be remanded to the Court of Military Review for completion of a factual review of the findings of guilty.

From the opinion below, we are unclear as to the intent of the members of the Court of Military Review when they issued that opinion. Since this doubt remains, it seems appropriate to remand the case so that the members of that court can make an explicit finding as to whether from their review of the record they are convinced beyond a reasonable doubt of appellant's guilt.

The decision of the United States Navy-Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for further review under Article 66.

Judges COX and SULLIVAN concur.