29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Quincy EARLY, Defendant-Appellant.
 No. 93-10442.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1994.*
Decided July 18, 1994.
 
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Quincy Early appeals his jury conviction and sentence for aggravated sexual abuse in violation of 18 U.S.C. Sec. 2241(a). He argues that the district court erred in admitting evidence of three prior bad acts. He also challenges the court's upward departure from the applicable range under the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm Early's conviction, but vacate his sentence and remand for resentencing.
 
 
 3
 * Early challenges the admission of evidence concerning three prior bad acts: (1) his 1981 killing of Alonso Kenton; (2) his sexual assault of his cousin Thomas Dudley in 1990; and (3) his use of force against his wife and children in 1989. We review the district court's admission of such evidence for abuse of discretion. United States v. Hill, 953 F.2d 452, 455 (9th Cir.1991). Reversal is warranted only if the error more likely than not affected the verdict. United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987).
 
 
 4
 Evidence of the first prior act came through the testimony of the rape victim, Ann Marie Pham. Pham testified at trial that she feared Early would kill or seriously injure her because she knew that he had beaten Keaton to death several years earlier. The victim's state of mind is an essential element of aggravated sexual abuse. To prove this element, the government must establish that the victim felt apprehension of death, serious bodily injury, or kidnapping. 18 U.S.C. Sec. 2241(a)(2). Because the killing of Keaton was probative of Pham's state of mind, this evidence was properly admitted.
 
 
 5
 The remaining two prior bad acts were admitted under Rule 404(b), which allows the introduction of such evidence "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). "[E]vidence is admissible under Rule 404(b) if: (1) sufficient proof exists for the jury to find that the defendant committed the prior act; (2) the prior act was not too remote in time; and (3) the prior act is introduced to prove a material issue in the case." United States v. Hadley, 918 F.2d 848, 850-51 (9th Cir.1990), cert. dismissed, 113 S.Ct. 486 (1992). In addition, if offered to prove intent, the prior act must be similar to the offense charged. Id. at 851.
 
 
 6
 The government offered evidence of the sexual assault of Dudley and the use of force against Early's wife to prove intent. Early argues that because he denied using force to engage in intercourse with Pham, his intent was not a material issue for the purpose of applying Rule 404(b). His reliance on United States v. Powell, 587 F.2d 443, 448 (9th Cir.1978), is misplaced. In Hadley, we rejected a similar argument, explaining that the single statement in Powell regarding intent was nonbinding dicta. Hadley, 918 F.2d at 851-52. Intent is an element of the crime of aggravated sexual abuse. 18 U.S.C. Sec. 2241(a); see also Hadley, 918 F.2d at 850-51. Early "cannot preclude the government from proving intent simply by focusing his defense on other elements of the crime." Hadley, 918 F.2d at 852.
 
 
 7
 Early does not argue that any of the remaining requirements for admission under Rule 404(b) have not been met. Instead, he contends that the evidence should have been excluded under Rule 403. Although the district court did not make an explicit finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, "we will uphold admission of the evidence when it is clear from the record that the court implicitly made the necessary finding." United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir.1992). As in that case, here the government filed a pre-trial memorandum arguing for the admission of the evidence, in which it reminded the district court of the need to weigh probative value and prejudice. It is therefore clear that the court implicitly made the necessary finding.
 
 
 8
 We measure the probative value of the prior act evidence by its tendency to make the existence of Early's intent more probable than it would be without the evidence. Id. at 1327. We measure unfair prejudice by the extent to which the evidence "makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir.1982).
 
 
 9
 Early's sexual assault of his cousin Dudley was highly probative of his intent to sexually assault Pham, who is Dudley's sister and also Early's cousin. The district court did not abuse its discretion in determining that the possible prejudicial effect of this evidence did not substantially outweigh its probative value. As for Early's use of physical force against his wife, we agree with the government that even if this evidence was improperly admitted, it could not have had an impact on the outcome of the trial. Any possible error was harmless in light of all the other evidence in the record.
 
 II
 
 10
 Early next argues that the district court failed to adequately justify the upward departure of his sentence from the applicable range under the Sentencing Guidelines. In reviewing the district court's decision to depart upward, we apply a 3-stage standard of review. United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). First, we review de novo whether the district court correctly relied on aggravating factors not adequately taken into account by the Sentencing Guidelines. Id. at 746. Second, we review for clear error any factual findings supporting the existence of the circumstance identified by the district court as the basis for departure. Id. Third, we determine whether the extent of the upward departure is "unreasonable" in light of the structure, standards, and policies of the Sentencing Reform Act and the Guidelines. Id. at 747-51. The district court must explain the reasoning for both the direction and extent of its departure in sufficiently specific language to allow meaningful review. Id. at 751.
 
 
 11
 At Early's sentencing hearing, the district court found that a criminal history category of VI was appropriate "given the prior criminal record of this defendant and the violent acts which are apparent from that record." Early argues that this single conclusory statement is inadequate to permit meaningful appellate review. We agree. In United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989) (per curiam), we held that "[t]he district court must set forth the specific aspects of the defendant's criminal history ... that [it] believes have not been adequately represented in the recommended sentence."
 
 
 12
 To support the upward departure in this case, the government points to the long list of criminal conduct contained in Early's presentence report--in particular, numerous tribal convictions that could not be counted in calculating Early's criminal history category. See U.S.S.G. Sec. 4A1.2(i). The fact that adequate grounds for an upward departure may exist, however, does not relieve the district court of its obligation to make sufficient findings to justify its decision to depart. The court's statement in the present case is no more specific than the one we held to be inadequate in Wells. We therefore vacate Early's sentence and remand for the district court to set forth the specific reasons for its upward departure from the Guidelines.[1]
 
 
 13
 CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of the need for remand, we do not address Early's contention that his uncounseled tribal convictions cannot be the basis for an upward departure, see United States v. Brady, 928 F.2d 844, 854 (9th Cir.1991), but leave this issue for the district court to consider in light of the Supreme Court's recent decision in Nichols v. United States, 62 U.S.L.W. 4421 (U.S. June 6, 1994)