584

UNITED STATES, Appellee,

v.

**Private E2 James E. MASON,
500–80–0823, United States
Army, Appellant.**

ARMY 9400133.

U.S. Army Court of Criminal Appeals.

29 March 1995.

For Appellant: Major Michael A. Egan, JAGC, Captain Christopher W. Royer, JAGC (on brief).

For Appellee: Colonel John M. Smith, JAGC, Major Lyle D. Jentzer, JAGC, Captain Michael E. Mulligan, JAGC, Captain John G. Giovannelli, JAGC (on brief).

Before CUTHBERT, EDWARDS, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty by a military judge sitting as a general court-martial of three specifications of assault and battery (one upon a person in the execution of law enforcement duties), adultery, and communicating a threat in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1988) [hereinafter UCMJ]. Contrary to his pleas, he was also found guilty by a panel composed of officer and enlisted members, of rape in violation of Article 120, UCMJ, 10 U.S.C. § 920 (1988). The convening authority approved the adjudged sentence consisting of a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1.

Before this court the appellant asserts that the evidence is factually insufficient to support the findings of guilty of rape. He further contends that the military judge erred by not dismissing the adultery conviction where it was based on the same facts as the rape conviction. We disagree with both contentions.

■ The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, this court is convinced of the appellant's guilt beyond a reasonable doubt. UCMJ art. 66(c); *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987), *pet. denied*, 28 M.J. 78 (C.M.A.1989). Both the statute and case law require us to consider that the trier of fact heard and observed the witnesses, and made credibility determinations. *United States v. Irvinspence*, 39 M.J. 893, 896 (A.C.M.R. 1994). We have reviewed the record of the court-martial proceedings and the briefs filed by the appellant and the government. After carefully reviewing the evidence, we hold that it is factually sufficient to support the findings of guilty of rape.

■ The appellant was tried after the decision of *United States v. Teters*, 37 M.J. 370 (C.M.A.1993). In *Teters* the United States Court of Appeals for the Armed Forces [hereinafter the Court of Appeals] adopted the rule of statutory construction from *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to discern Congressional intent concerning multiple convictions at a single trial for different statutory violations arising out of the same act or transaction. This rule states that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each offense requires proof of an additional fact which the other does not. *Id.* at 304, 52 S.Ct. at 182. However, the Court of Appeals also cautioned that this rule would not prevail if there was any "expressed" or "clear" indication of a contrary legislative intent which would overcome the *Blockburger* pre-

sumption of separateness warranting separate convictions and punishment. *Teters*, 37 M.J. at 377–78.

■ Congress has not "expressly" prohibited multiple convictions and punishments where rape and adultery are alleged to have been committed during the same sexual encounter. In fact, Congress has never explicitly created a separate adultery offense under the UCMJ. Rather, adultery is charged and punished as conduct to the prejudice of good order and discipline or service discrediting under Article 134, UCMJ. Therefore, applying the *Teters* analysis, the *Blockburger* rule of statutory construction would make rape and adultery two separate offenses. Each offense contains a specific element of proof that is not required by the other. Article 120, UCMJ, prohibiting rape, requires as an element that the sexual intercourse was done by force and without the victim's consent. Manual for Courts–Martial, United States, 1984, Part IV, para. 45b(1)(c) [hereinafter MCM, 1984]. Article 134, UCMJ, prohibiting adultery, requires that the accused or the other person be married to someone else.[1] MCM, 1984, Part IV, para. 62b(2). Also, adultery is not a lesser included offense of rape. *See United States v. Foster*, 40 M.J. 140 (C.M.A.1994); MCM, 1984, Part IV, para. 62c.

The appellant relies on *United States v. Hickson*, 22 M.J. 146, 155 (C.M.A.1986), where Chief Judge Everett indicated that it "seems doubtful that Congress ever intended" for an accused to be convicted and punished for both rape and adultery when both offenses arose out of the same act of sexual intercourse. The Court of Appeals held that the government is free to prosecute an accused for rape and adultery that occurred simultaneously, but if he is convicted of rape, the conviction for adultery must be set aside. *Id.* Our reading of *Teters* deters us from viewing *Hickson*'s dubious language on Congressional intent as a "clear" indication of contrary legislative intent that *Teters* now requires in order to overcome the *Blockburger* presumption of separateness.

---

1. Public Law No. 102–484, 106 Stat. 2506 (1992) deleted the "with a female not his wife" language from Article 120, UCMJ, effective for offenses committed after 22 October 1992.

Instead, we agree with Judge Cox's concurring opinion in *Hickson* that Congress and the President have not manifested any "intent" to prohibit simultaneous convictions for rape and adultery. *Id.* at 156. Accordingly, we find that the military judge did not err by failing to dismiss the findings of guilty of adultery. Although the military judge instructed the panel "not to consider the adultery any more because it merges for sentencing purposes into the rape," we also find that this instruction is no longer required under *Teters* prior to sentencing. Rape and adultery are separate punishable offenses.

The findings of guilty and the sentence are affirmed.

Chief Judge CUTHBERT and Senior Judge EDWARDS concur.