**UNITED STATES**

**v.**

**Maurice V. MANCE, 332 66 1960, Private (E–1), U.S. Marine Corps.**

**NMCM 96 01170.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 1 Sept. 1995.

Decided 31 Dec. 1997.

Maj Stephen D. Chace, USMC, Appellate Defense Counsel.

LCDR Christian L. Reismeier, JAGC, USN, Appellate Government Counsel.

Before CLARK, Senior Judge, and SEFTON and WYNNE, Appellate Military Judges.

SEFTON, Judge:

Appellant was tried on various dates between 8 May and 1 September 1995, by a general court-martial composed of officer and enlisted members. Following mixed pleas, he was convicted of two false official statements, larceny of $200, assault, assault consummated by a battery, adultery, wrongful cohabitation, and obstruction of justice, in violation of Articles 107, 121, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, 928, and 934 (1994) [hereinafter UCMJ]. Appellant was sentenced to a dishonorable discharge, confinement for 3 years, and forfeiture of all pay and allowances. On 17 May 1996 the convening authority approved the adjudged sentence and, except for the dishonorable discharge, ordered it executed.

We have examined the record of trial, the assignments of error,[1] and the Government's response thereto. We conclude that the findings are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed beyond those covered in depth below. Because we find error during the sentencing proceedings, we provide appropriate relief for appellant in our decretal paragraph.

## Evidence of the Victim's State of Mind

Appellant's first assignment of error alleges that the military judge abused his discretion by permitting introduction of evidence of appellant's prior violent behavior with a firearm to demonstrate the assault victim's reasonable apprehension of immediate bodily

---

1. I. THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE PERMITTED THE GOVERNMENT TO PRESENT EVIDENCE UNDER MILITARY RULE OF EVIDENCE 404(B) TO SHOW THE STATE OF MIND OF THE ALLEGED ASSAULT VICTIM.

II. APPELLANT WAS DENIED A FAIR TRIAL BY TRIAL COUNSEL'S OPENING STATEMENT, HIS CLOSING ARGUMENT AND HIS SENTENCING ARGUMENT WHICH: CONTAINED INFLAMMATORY LANGUAGE; INTENTIONALLY MISSTATED THE FACTS; AND REPEATEDLY MADE LEGAL CONCLUSIONS REGARDING APPELLANT'S GUILT.

III. THE MILITARY JUDGE ERRED WHEN HE ALLOWED THE GOVERNMENT TO INTRODUCE INADMISSIBLE EVIDENCE DURING THE SENTENCING CASE.

IV. THE GOVERNMENT FAILED TO PROVE THAT APPELLANT WAS GUILTY OF CHARGE IV, SPECIFICATION 1, ADULTERY, WHERE THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT APPELLANT HAD SEXUAL INTERCOURSE WITH [Ms. M].

V. THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S REQUEST FOR ADDITIONAL PRETRIAL CONFINEMENT CREDIT WHERE APPELLANT WAS PUNISHED IN VIOLATION OF ARTICLE 13 U.C.M.J., WHEN HE WAS HELD IN MAXIMUM CUSTODY FOR 232 DAYS DESPITE RECOMMENDATIONS BY HIS BRIG COUNSELOR AND MEMBERS OF THE CUSTODY CLASSIFICATION BOARD TO UPGRADE HIS STATUS.

harm. We disagree, and conclude that this evidence was properly admitted.

■ While such use is not specifically delimited in the body of Military Rule of Evidence 404(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.), it is fairly encompassed in its purpose: a *proper use other than to demonstrate an accused's predisposition to crime. See United States v. Castillo,* 29 M.J. 145, 150 (C.M.A.1989). Proof of a reasonable apprehension of immediate bodily harm was required relative to the assault by pointing a loaded weapon at the victim, Lance Corporal Wendel. Considering the fact that appellant and the purported victim, Lance Corporal Wendel, had been friends, this evidence supported the Government's position of criminality, rather than a possibly innocent interpretation of accepted horseplay (however ill-advised) among friends. While we found no military precedent on this issue, we are persuaded by the logic and reasoning in the unpublished memorandum decision of a panel of the United States Court of Appeals for the Ninth Circuit in *United States v. Early,* No. 93–10442, 1994 WL 374216, 1994 U.S.App. LEXIS 17778 (9th Cir. July 18, 1994), a civilian criminal prosecution, which would admit evidence of prior violent behavior under Federal Rule of Evidence 404(b) where the appropriate balancing under Military Rule of Evidence 403 occurred.

■ In any event, the findings entered by the members indicate that they discounted most of this evidence, choosing instead to use the remainder of the evidence before them to convict appellant only of a *simple* assault with the pistol, an offense which did not require a finding of intent to cause serious bodily harm. We therefore find no possible prejudice in the admission of this evidence even if assuming some error in its admission.

We concur with the Government in its assertion that the only such evidence before the members was of a single incident in a bar during which appellant was purported to have pulled an automatic pistol and chambered a round during a confrontation before being subdued by his friends. There was no presentation to the members of other similar evidence. Since the bar incident occurred when appellant had been drinking, Wendel's perception that he had been drinking on the night of their confrontation drew the events into close parallel. We note also that the military judge immediately and correctly advised the members of the limited purpose for which they could consider the evidence (to show the state of mind of Lance Corporal Wendel, and not to indicate a predisposition to such crimes), and elicited from each member an indication that his instruction could be followed by them.

■ We find the disputed evidence was admitted for a proper purpose, *Castillo,* 29 M.J. at 150, and thus conclude that the relevant inquiry becomes whether an appropriate balance was struck concerning its admissibility under Military Rule of Evidence 403. Since inclusion of relevant evidence is favored, our inquiry centers on whether any possible prejudice to appellant substantially *and unfairly* outweighed its probative value. *Id.; see also United States v. Teeter,* 12 M.J. 716, 725 (A.C.M.R.1981), *aff'd in part and rev'd in part,* 16 M.J. 68 (C.M.A.1983). Unfair use would necessarily come from use of the evidence for something other than its logical, probative force. *United States v. Owens,* 16 M.J. 999, 1002–03 (A.C.M.R.1983), *aff'd,* 21 M.J. 117 (C.M.A.1985.) The actions and instructions of the military judge precluded such a result. Record at 349–50. He did not err.

■ Even assuming, *arguendo,* some error in this regard, we find the evidence of guilt on this offense was overwhelming. No witness testified that a firearm was not in appellant's possession at the relevant time. The victim and two other Marines testified that appellant pointed the weapon at Lance Corporal Wendel. *Id.* at 350, 382, 403–04. Appellant himself admitted he had a weapon at that time. *Id.* at 519, 537. *See United States v. Brooks,* 26 M.J. 28 (C.M.A.1988)(upholding conviction despite uncharged misconduct being erroneously admitted where evidence of guilt on the charged offense was conclusive).

Therefore, this assignment of error is without merit.

### Trial Counsel Opening Statement and Arguments

Appellant next alleges that trial counsel made impermissible argument which unfairly prejudiced his trial. We disagree.

■ While we are unable to completely follow the logic in some of the arguments and statements proffered by counsel below, and while we find his characterizations of appellant as a "criminal" and a "thug" to be harsh, we are satisfied that the members were appropriately instructed that trial counsel's statements were no more than that—matters which he either expected to prove, or felt the facts had demonstrated after the conclusion of the evidence. The military judge, once again properly performing his function, clearly instructed the members prior to the opening statements that they were not evidence, but merely what counsel expected to prove. Following appellant's trial defense team's objection during trial counsel's opening statement, the military judge once again properly informed the members of the nature of his remarks. Such instruction is normal, and generally sufficient to ensure appropriate use by the members. *United States v. Clifton*, 15 M.J. 26, 29 (C.M.A.1983). Such was the case with trial counsel's opening statement. While certainly not a model for others to emulate, trial counsel's opening statement here was not prejudicial to any substantial rights of appellant. Art. 59(a), UCMJ, 10 U.S.C. § 859(a). We are further persuaded that no substantial prejudice befell appellant in this regard based on the findings, which saw appellant acquitted of the more serious assault charges against him, indicating that the members were not unduly inflamed or influenced to abandon their independent powers of fact-finding and reason.

■ Trial counsel closed with an argument which emphasized appellant's motive to lie, pointed out that the lie was rationally related to the evidence before the court, and that the members would necessarily have to choose between appellant's version of events and the respective versions of the three other Marines present during the confrontation at appellant's off-base quarters. The argument was a fair comment on the evidence before the court and the inferences logically drawn from that evidence. RULE FOR COURTS-MARTIAL 919(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.]; *United States v. Quarles*, 25 M.J. 761, 773 (N.M.C.M.R.1987)(noting that "[a] prosecutor may comment earnestly and forcefully on the evidence as well as the inferences which reasonably may be drawn.").

■ While we are not entirely clear as to whether trial counsel below was arguing the philosophy of Sun Tzu, or relating his recollection of the exploits of Genghis Khan, we are certain that his remarks did not impermissibly attempt to inflame the members' passions, nor otherwise unfairly prejudice appellant. Our function is not to mandate artistic advocacy, but only to determine whether honest efforts fall short of fundamental fairness or the requirements of law or statute. Once again, because the members made findings which demonstrated that they credited the testimony of some witnesses and rejected that of others, we divine no prejudice to appellant. This argument, while perhaps not all that it could be, did not fall short, and the assigned error is without merit in this respect as well.

As to appellant's other objections to trial counsel's argument, we find that while his attempts at paraphrasing testimony might not be a "best practice," none were false or misleading. We believe counsel also argued accurately on the adultery charge, based on the evidence at trial. Appellant's attack on the argument for substantiation of wrongful cohabitation is similarly flawed. The evidence once again supports the argument. The final objection to the findings argument takes issue with trial counsel's assertion that appellant admitted he broke the law. The semantic divergence we saw does not cause us to pause in determining the comment was fairly made.

■ Appellant finally attacks trial counsel's sentencing argument as inflammatory. His first target is trial counsel's attempt to make the variable housing allowance (VHA) theft appear as more than a "victimless" crime, because, he argues, it was not based in evidence of record and was technically incor-

rect as a matter dealing with the public fisc. While we are not persuaded of the strength of such argument, we find it did not unduly prejudice appellant in the context of the entire proceeding or of the argument itself. It did not unduly inflame the passions of the members, nor did it interject impermissible adjunct issues.

Finally, an overarching basis for our rejection of each of these asserted errors is the fact that, aside from the initial objection to the opening statement (which was immediately and appropriately addressed by the military judge to the members), appellant's experienced and active defense team below made no objection to the arguments as they were made. In fact, appellant's lead counsel below generally touched upon each tenet of trial counsel's arguments, rebutting them as he saw fit (and concurrently re-stating them to the members). Thus, we find the lack of objection, coupled with trial defense counsel's tactical use and acceptance of the arguments at the time they were made and in the context of their making, supports our finding that none of the arguments in question unfairly prejudiced appellant. His failure to object under these circumstances resulted in the forfeiture of any objection to them. R.C.M. 1001(g); *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Therefore appellant is entitled to no relief.

### Uncharged Misconduct Admitted During Pre-sentencing Hearing

Trial counsel's efforts at argument are not the only errors assigned to his performance below. We now confront appellant's assignment of error in the admission of several instances of uncharged misconduct through the testimony of Lance Corporal Wendel, the assault victim, in the Government's aggravation case. Wendel first related the circumstances of a telephone threat he received while on duty. Appellant correctly contends that no evidence linked him to that call. This was error. Wendel went on to testify concerning several purported (and uncharged) assaults by appellant on Ms. M (the partner in the wrongful cohabitation and adultery charges). Though appellant's trial defense team made a timely objection, the military judge overruled the objection without an exposition of the rationale supporting its admissibility. During sentencing proceedings, "[t]he trial counsel may present evidence as to any aggravating circumstances **directly relating to or resulting from the offenses of which the accused has been found guilty.**" R.C.M. 1001(b)(4) (emphasis added). The military judge permitted him to exceed these bounds in this instance. This was also error.

Having found error in these instances, we must test those errors for substantial prejudice to the rights of appellant. Art. 59(a), UCMJ, 10 U.S.C. § 859(a); *United States v. Rhoads*, 32 M.J. 114, 116 (C.M.A. 1991). We are greatly concerned with the actions of the trial counsel here. We note that convictions on the major themes before the members had already occurred at this point, and the witness at bar had testified earlier on the merits. Simply stated, little was to be gained by this evidence, and much could be lost if appellant's substantial rights were abrogated. The question is a close one for us. Based on the nature and volume of the other presentencing evidence, the judicial admissions by appellant both on the merits and in the sentencing phase of the proceeding, and the great disparity between the sentence requested by trial counsel and the one ultimately announced by the members, we are convinced that no substantial prejudice to appellant's rights *which mandates a rehearing on sentence* occurred as a result of these errors.

We caution trial counsel, however, that creation of close cases on appeal is not desirable. Government counsel at all levels must be consistent in recognizing that justice mandates scrupulous adherence to law and regulation during presentation of cases at all stages of trial—including argument and the presentation of evidence during presentencing.

### The Testimony of Major Reimer

Appellant asserts as part of his third assignment of error that the clarification elicited by the military judge concerning Major Reimer's opinion on appellant's rehabilitation

potential, and the testimony concerning the basis for his opinion, was prejudicial error. We disagree.

■ The question on the nature of the witness' rehabilitation opinion came from a member of the court. Appellate Exhibit LII. It was posed only after no objection was made to it. *Id.* The opinion was clear and appropriate. R.C.M. 1001(b)(5); *United States v. Pompey*, 33 M.J. 266 (C.M.A.1991); *United States v. Ohrt*, 28 M.J. 301 (C.M.A. 1989). Even assuming its impropriety, appellant's failure to object forfeited any error. *Olano*, 507 U.S. at 731, 113 S.Ct. at 1776.

■ Appellant likewise voices his concern that Major Reimer was permitted to testify concerning the basis for his opinion. Cross-examination had opened the door to such testimony. The follow-on questions and answers were proper. Any failure of instruction following the two objections to testimony by this witness was likewise forfeited through appellant's failure to request such instruction. R.C.M. 1005(f); *Olano*, 507 U.S. at 731, 113 S.Ct. at 1776.

### Proof of Appellant's Guilt Beyond a Reasonable Doubt

■ We have conducted our own *de novo* review of the record. Art. 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Cole*, 31 M.J. 270, 272 (C.M.A.1990). Based on this review we conclude that appellant's guilt has been proven beyond a reasonable doubt by the evidence before the court. *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

Although appellant contends the evidence did not prove wrongful sexual intercourse with his paramour, we find to the contrary. Although we are mindful that appellant never admitted such intercourse, and additionally that Ms. M. declined to answer questions about any such actions on her part, we find ample evidence of record to support the members' findings on this specification. While we ordinarily defer to some degree to the trier of fact who heard the evidence presented, in this instance we can readily agree with their finding based on both the quantitative and qualitative evidence on the matter in the record. *United States v. Tor-*

*res–Rodriguez*, 37 M.J. 809, 810 (N.M.C.M.R. 1993); *United States v. Bright*, 20 M.J. 661, 664 (N.M.C.M.R.1985). We find ample evidence on each element necessarily proven. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Bright*, 20 M.J. at 664. Lance Corporal Wendel's testimony as to admissions made by appellant was both vivid and graphic, as well as sufficiently colloquial as to be believable under the circumstances in which the statements were purported to be made. When combined with the writings attributed to and admitted against appellant which included mention of "testing" and child-bearing, the cohabitation by appellant with Ms. M., and their stated intention to marry, we have no lingering doubt as to the factual sufficiency of the evidence.

### Pretrial Confinement Conditions

■ Appellant finally contends that he is due relief because he was subjected to illegal pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813. We disagree. In order to find in his favor, we must necessarily conclude that the treatment complained of was not related to a legitimate governmental objective, or was imposed as punishment. *Bell v. Wolfish*, 441 U.S. 520, 538–39, 99 S.Ct. 1861, 1873–74, 60 L.Ed.2d 447 (1979); *United States v. Palmiter*, 20 M.J. 90 (C.M.A.1985). Appellant was, according to the brig officer's testimony, placed in maximum custody detention based upon his potential for violence, as reflected in his history of offenses. The continuance in that status for appellant's lengthy pretrial detention was not contrary to the recommendation of the status classification board for the brig. While a recommendation for a less onerous status was made by at least one counselor, no evidence in the record indicates a board recommendation to that end. We find no evidence of record to support the contention of illegal pretrial punishment.

Accordingly, the findings of guilty as approved below are affirmed.

### Sentence Appropriateness

■ While not assigned as an error by appellant, this court has a statutory obligation to approve only such sentence or amount thereof as we find to be correct and

appropriate in law and fact. Art. 66(c), UCMJ, 10 U.S.C. § 866(c). After considering the nature of the offenses and the offender, we must determine whether or not the sentence is inappropriately severe. *See United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982)(citing *United States v. Mamaluy*, 10 C.M.A. 102, 106–07, 27 C.M.R. 176, 180–81, 1959 WL 3587 (1959)).

A dishonorable discharge is the most severe form of punitive discharge. R.C.M. 1003(b)(9)(B) provides as follows: "A dishonorable discharge should be reserved for those who should be separated under conditions of dishonor, after having been convicted of offenses usually recognized in civilian jurisdictions as felonies, or of offenses of a military nature requiring severe punishment[.]"

We note that the appellant committed several rather serious offenses and that his prior disciplinary record was before the members as well. While we are satisfied that the appellant deserves a punitive discharge based on his offenses, we do not view these offenses as rising to the level where a dishonorable discharge is appropriate. We are hesitant to disturb any sentence adjudged below, since the trial court had the opportunity to see and hear the witnesses. Art. 66(c), UCMJ, 10 U.S.C. § 866(c). Additionally, we recognize that it is not our job to exercise clemency; rather, that is a function of the convening authority. *United States v. Healy*, 26 M.J. 394, 395–396 (C.M.A.1988). However, we may substitute our judgment for that of the trial court where we conclude that the sentence is inappropriately severe. *Cole*, 31 M.J. at 272. After reviewing the entire record, we find that this sentence is inappropriately severe for these offenses and this offender, based both on the offenses of which appellant was found guilty and the errors below which we have discussed in detail elsewhere in this opinion. We will provide appropriate relief in our decretal paragraph.

## Conclusion

Reassessing the sentence on these bases, we affirm only so much of the sentence, as approved on review below, which provides for confinement for 30 months, total forfeitures, and a bad-conduct discharge.

Senior Judge CLARK and Judge WYNNE concur.