### UNITED STATES

v.

**Daniel L. HOOD, 194 56 1669, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 98 01639.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 2 March 1998.

Decided 26 May 1999.

---

LT Omar R. Lopez, JAGC, USNR, Appellate Defense Counsel.

LT William C. Minick, JAGC, USNR, Appellate Government Counsel.

Before LEO, Senior Judge, ANDERSON and COOPER, Appellate Military Judges.

COOPER, Judge:

The military judge sitting as a special court-martial found appellant guilty, following mixed pleas, of an unauthorized absence, and wrongfully obtaining telephone services in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 934 (1994). He was sentenced to confinement for 100 days, reduction to pay grade E–1, a fine of $1000, with an additional 80 days confinement if the fine was not paid, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

We have carefully reviewed the record of trial, appellant's three assignments of error and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to appellant was committed. Arts. 59(a) and 66(c), UCMJ.

Appellant's first assignment of error alleges that the military judge erred in admitting Prosecution Exhibit 1, a copy of the telephone bill of the victim. Appellant claims the document was inadmissible hearsay. The Government did not offer this exhibit as a business record, but offered it during their case in chief on the merits under Military Rule of Evidence 801(d)(2)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), as an adoptive admission. The Government contends, and the victim testified, that appellant reviewed the telephone bill and told the victim which calls he had made and promised to pay for the cost of those calls. Record at 28.

We review the decision of the military judge for an abuse of discretion. In *United States v. Garrett*, 16 M.J. 941, 943–44 (N.M.C.M.R.1983), this court stated that adoptive admissions are admissible if the proponent establishes: "(1) the party against

whom it is offered was present during the making of the statement; (2) he understood its content; and (3) his actions or words or both unequivocally acknowledged the statement in adopting it as his own." Although Mil.R.Evid. 801(d)(2)(B) normally refers to verbal statements made by a third party in the presence of the party to whom it is being offered, there is nothing in the rule that would limit its applicability to an oral statement. Appellant was shown a written record or statement of the victim's phone calls and billing charges. Appellant was present when the phone bill was shown to him; he understood its content; and, by identifying those calls which he made, he unequivocally acknowledged the content of the statement and adopted it as an indication of the charges that he made against the victim's telephone account. We find that the military judge did not abuse his discretion in admitting the telephone bill under Mil.R.Evid. 801(d)(2)(B).

Additionally, as noted by the military judge, the victim had already testified that appellant made these admissions to him. Record at 27–29. Therefore, even if the military judge had erred, and we find that he did not, the error would be harmless as the evidence in this form was cumulative with the prior testimony of the victim.

■■■ In his second assignment of error, appellant claims the record is legally and factually insufficient to find him guilty of wrongfully obtaining these telephone services. We disagree. As to legal sufficiency, we must consider whether the evidence, when viewed in the light most favorable to the prosecution, supports a finding as to each essential element of every offense beyond a reasonable doubt. Art. 66(c), UCMJ; *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). As to factual sufficiency, we must ourselves be convinced of the accused's guilt beyond a reasonable doubt after weighing the evidence

in the record of trial and making allowances for not having personally observed the witnesses. *Turner*, 25 M.J. at 325.

■■■ The victim testified that he did not give appellant permission to make any telephone calls on his account. He also testified that appellant admitted that the calls on the account were his calls, and he offered to pay for them. Appellant claims he only offered to pay for them because there was a "mix-up" in the bills and, presumably, those calls should have been on his bill. Appellant also claims he did not use the victim's access telephone code number to charge these calls. We conclude that the victim's testimony is more credible, and we find the evidence both legally and factually sufficient to sustain the findings of guilty.

■■■ In his last assignment of error, appellant claims that the sentence to a bad conduct discharge, 100 days confinement and a $1,000 fine is inappropriately severe. We disagree. We note that appellant had a prior nonjudicial punishment for an unauthorized absence offense. In support of his request for relief, appellant claims that a fine of $1000 is disproportionate to the value of the unjust enrichment. He cites no case law, nor are we aware of any, that says the two must be proportional. The fine is within the jurisdictional limits of the court-martial and not inappropriate under the circumstances of the case.

Accordingly, we affirm the findings and sentence as approved below.

Senior Judge LEO and Judge ANDERSON concur.