UNITED STATES, Appellee,

v.

Sergeant Darren C. HESTER, 454–
55–9674 United States Army,
Appellant.

ARMY 9400988.

U.S. Army Court of Criminal Appeals.

30 April 1996.

United States Army Armor Center and
Fort Knox K.D. Pangburn, Military Judge.

For Appellant: Captain Mark A. Bridges,
JA (argued); Major Michael A. Egan, JA;
Captain Silas R. DeRoma, JA (on brief);
Major J. Frank Burnette, JA; Captain Mi-
chael E. Hatch, JA.

For Appellee: Captain Chris A. Wendelbo,
JA (argued); Colonel John M. Smith, JA;
Lieutenant Colonel Eva M. Novak, JA; Cap-
tain John W. O'Brien, JA (on brief).

Before TOOMEY, RUSSELL, CARROLL
Appellate Military Judges.

## OPINION OF THE COURT

RUSSELL, Judge:

A general court-martial composed of offi-
cers convicted the appellant, contrary to his
pleas, of conspiracy to commit larceny, larce-
ny (three specifications), and indecent assault
in violation of Articles 81, 121, and 134, Uni-
form Code of Military Justice, 10 U.S.C.
§§ 881, 921, and 934 (1988) [hereinafter
UCMJ]. The convening authority approved
the sentence of a dishonorable discharge,
confinement for six years, forfeiture of all
pay and allowances, and reduction to Private
E1.

This case is before the court for automatic
review pursuant to Article 66, UCMJ. We
have considered the record of trial, the as-
signments of error, the errors personally as-
serted by the appellant pursuant to *United
States v. Grostefon*, 12 M.J. 431 (C.M.A.
1982), the government's reply thereto, and
oral argument.

The appellant asserts, inter alia, that the
evidence is legally and factually insufficient

to support his conviction for indecent assault. Specifically, appellant contends that the evidence is insufficient to prove that he harbored a specific intent to gratify his lust or sexual desire. We disagree.

■ The test for legal sufficiency is whether, when viewed in a light most favorable to the government, the evidence is such that a rational finder of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Harper,* 22 M.J. 157, 161 (C.M.A.1986). The test for factual sufficiency is whether, after weighing the evidence and making allowances for not having personally observed the witnesses, the members of the appeals court are themselves convinced of guilt beyond a reasonable doubt. *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

## FACTS

Specialist W, a female soldier, was newly assigned to the appellant's unit. The appellant, a married noncommissioned officer, was introduced to Specialist W and detailed to assist her with in-processing. Under the guise of driving Specialist W to accomplish her in-processing, he left the main post area and drove along a remote tank trail. Specialist W recognized that the appellant had deviated from his assigned mission and asked him to return to the main highway. However, the appellant proceeded to drive along the tank trail for about two hours. During the drive, he asked Specialist W several questions concerning her family situation. In the ensuing discussion, Specialist W revealed that she had a child and was in the process of divorce. Shortly thereafter, while still driving along the trail, the appellant reached over and placed his hand on Specialist W's thigh. She pushed the appellant's hand away, said "no," and reminded him that she was married. The appellant continued driving and stated that, "we have to stick togeth-

er, I won't tell anybody if you don't tell anybody." The appellant made no further attempt to touch Specialist W.

Specialist W was frightened by the situation because the appellant "was somebody I didn't know and it was in an area that I was not familiar with . . . [that was] off base away from . . . the main part of post." She did not report the incident. She believed that it was a one time incident that would not reoccur, because she had made her intentions clear by pushing his hand away and saying "no."

## DISCUSSION

■ Indecent assault is an offensive touching, however slight, done for the purpose of gratifying the lust or sexual desires of the perpetrator. *United States v. Hoggard,* 43 M.J. 1 (1995). The circumstances of this case clearly establish that only a professional military relationship existed between the appellant and Specialist W at the time the appellant placed his hand on her thigh. Thus, inasmuch as there is nothing to suggest that the appellant mistakenly and reasonably believed that Specialist W would welcome such a touching, we are satisfied that the touching was offensive and sufficient to establish an assault and battery.

■ Moreover, we find that the evidence establishes that the assault and battery was committed by the appellant with the specific intent to gratify his lust or sexual desire. In so finding we have carefully considered the opinion of the Court of Appeals for the Armed Forces in *Hoggard.* Having found that the accused made a "pass" at a woman by grabbing her shoulder and attempting to kiss her, the court determined that an attempted kiss "with romantic overtones" is not sufficient circumstantial evidence of indecent intent. *Hoggard,* 43 M.J. at 4.

However, we find no "romantic overtones" that obscure the prurient intent in appellant's case.* The appellant was a virtual stranger to Specialist W. They were sup-

---

* Comparing *Hoggard* with the facts of this case, we detect little difference in the sexual component of the intents that motivated SSG Hoggard and the appellant. The real difference between the cases, in our view, lies in the strength of the evidence supporting the underlying allegations of assault. The crime of indecent assault is proven against the appellant because it is clear that he intentionally undertook a sexually intimate nonplatonic touching under circumstances in which there was no indication that such an overture would be welcomed. Thus, inasmuch as the

posed to be engaged in the official business of processing her into their military unit. Instead, he drove her to a remote location contrary to her expressed desire to return immediately to main post. He detained her in that remote location for about two hours. It was under these circumstances that he laid his hand on Specialist W's thigh, an intimate area of the body. Accordingly, we are satisfied that the fact finders could correctly conclude, beyond a reasonable doubt, that the appellant intended to gratify his sexual desire through an assaultive touching. Moreover, we, too, are satisfied of his guilt beyond a reasonable doubt.

The appellant's remaining contentions are without merit.

The findings of guilty and the sentence are affirmed.

TOOMEY and CARROLL, JJ., concur.

touching was categorically offensive and no reasonable mistake of fact existed, the appellant's sexual intent was indecent.

In SSG Hoggard's case, its not so clear that his behavior was assaultive to begin with. His attempt to kiss the object of his desire occurred under circumstances the court describes as having "romantic overtones". Most would agree that an assaultive kiss has no "romantic overtones." We conclude, therefore, that the court's choice of the seemingly euphemistic adjective "romantic" to describe the circumstances connotes a recognition that an intent to gratify sexual desire is a decent intent whenever a touching between adults is undertaken under circumstances giving rise to an honest and reasonable belief that it will be welcomed or at least not considered offensive.