## UNITED STATES

v.

**Staff Sergeant Luis MUNOZ,
United States Air Force.**

**ACM 33688.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 7 Jan. 1999.

Decided 22 March 2001.

Appellate Counsel for Appellant: Colonel Jeanne M. Rueth, Major Natasha V. Wrobel, and Captain Teresa L. Davis.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Major Mitchel Neurock.

Before YOUNG, BURD, and PECINOVSKY, Appellate Military Judges.

## OPINION OF THE COURT

BURD, Judge:

On 4–7 January 1999, the appellant was tried by general court-martial composed of officer members at Izmir Air Station (AS), Turkey. Contrary to his pleas, he was found guilty of stealing mail matter, in violation of Article 134, UCMJ, 10 U.S.C. § 934. His adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 5 months, and reduction to E–1.

The appellant raises one issue on appeal. He claims the evidence is factually insufficient to support his conviction of stealing mail matter. He raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). In support of his claim, the appellant submitted a Declaration of Appellant, dated 30 April 2000. We have considered this document along with the record of trial in arriving at our decision.

The standard of review for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of the [Court of Criminal Appeals] are themselves convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987). After weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are convinced of the appellant's guilt beyond a reasonable doubt. *Id.;* Article 66(c), UCMJ, 10 U.S.C. § 866(c).

█ While not assigned as an error, we have discovered that the record of trial does not contain a statement that the trial defense counsel was permitted to examine the record of trial in accordance with Rule for Courts–Martial (R.C.M.) 1103(i)(1)(B). As we have said too many times before, this rule requires that the defense counsel be given the oppor-

tunity to examine the record of trial before it is authenticated by the military judge, except when unreasonable delay would result. The record should reflect that the defense counsel was given such an opportunity or why not. While the ordinary practice is to have the defense counsel sign an acknowledgement of having examined the record, this is not required. A notation in the record by the trial counsel, or someone acting on behalf of the trial counsel, that the defense counsel was notified on a certain date prior to authentication that the record was complete and available for examination would suffice. *See* R.C.M. 1103(i)(1)(B), Discussion; *Manual for Courts–Martial, United States,* Appendix 13 and 14 (1995 ed.).

█ Given the circumstances apparent from the record of trial, we find the error to be harmless. Article 59(a), UCMJ, 10 U.S.C. § 859(a). The appellant and his trial defense counsel each received a copy of the record of trial. Substantial matters were then submitted by the appellant through his counsel. No objection to the contents of the record was made. *See* Article 38(c), UCMJ, 10 U.S.C. § 838(c).

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.