# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist GEMAYEL A. JONES**
**United States Army, Appellant**

ARMY 20090900

Headquarters, Fort Hood
Matthew McDonald, Military Judge
Colonel John W. Miller, II, Staff Judge Advocate (pretrial)
Colonel Stuart W. Risch, Staff Judge Advocate (recommendation)
Colonel Phillip N. Foster, Staff Judge Advocate (addendum)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain A. Jason Nef, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

10 July 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of violating a lawful order, assault consummated by battery, interfering with a 911 emergency call, and adultery in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, and 934 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, confinement for 117 days, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged and credited appellant with 117 days against the sentence to confinement.

On appeal, appellant raises two assignments of error, both of which relate to the adultery specification. The second assignment of error attacks the legal and factual sufficiency of the finding of guilty to this specification. Because we agree with appellant concerning this second assignment of error and set aside the adultery specification, we need not address his first allegation.

**LAW AND DISCUSSION**

Under Article 66(c), UCMJ, this court considers both the legal and factual sufficiency of the charges of which an appellant is convicted. The test for legal sufficiency is whether, when viewed in a light most favorable to the government, a rational fact-finder could have found all essential elements of an offense beyond a reasonable doubt. *United States v. Turner*, 48 M.J. 513, 516 (Army Ct. Crim. App. 1998); (citing *Jackson v. Virginia*, 443 US 307 (1979)). We review for factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002)). Our test is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

Appellant, a married man, was charged with adultery by wrongfully having sexual intercourse with Specialist (SPC) LS, a woman not his wife. In order to find appellant guilty of this offense under Article 134, UCMJ, the government had to prove each of the following elements beyond a reasonable doubt:

(1) That the accused wrongfully had sexual intercourse with a certain person;

(2) That, at the time, the accused or the other person was married to someone else; and

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*Manual for Courts-Martial*, United States (2008 ed.), pt. IV, ¶ 62.b.

We keep in mind that the scope of adultery under the UCMJ has narrowed over the past decade as a result of the President's Executive Order No. 13,262. *See* 67 F.R. 18773, 18778 (2002); *United States v. Jonsson*, 67 M.J. 624, 626 (C.G. Ct. Crim. App. 2009).

To constitute an offense under the UCMJ, the adulterous conduct must either be directly prejudicial to good order and discipline or service discrediting. Adulterous conduct that is directly prejudicial includes conduct that has an obvious, and measurably divisive effect on unit or organization discipline, morale, or cohesion, or is clearly

> detrimental to the authority or stature of or respect toward
> a servicemember.

*MCM*, Part IV, ¶ 62.c.(2). In addition, although open and notorious conduct may be service discrediting, wholly private conduct is not generally service discrediting. *United States v. Perez*, 33 M.J. 1050, 1054 (A.C.M.R. 1991) (citing *United States v. Berry*, 20 C.M.R. 325 (C.M.A. 1956)).

In this case, we find the evidence regarding the third (terminal) element to be both legally and factually insufficient. During the time of their sexual activity, appellant and SPC LS were both junior enlisted soldiers. We find no evidence, nor did the government argue at trial, that the adulterous activity between these two soldiers had a divisive or detrimental impact on their units. Contrary to the government's brief, we do not find evidence in the record to indicate that SPC LS was scheduled to deploy or that her pregnancy by appellant had any impact on her performance of duties. The only evidence concerning appellant's marriage and his wife is in the form of a marriage certificate admitted by the government. Moreover, we do not find evidence in the record that the adulterous relationship between appellant and SPC LS was open and notorious.

## CONCLUSION

For the foregoing reasons, the finding of guilty of Specification 5 of Charge III is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court