# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Senior Airman TROY N. SINES**
**United States Air Force**

**ACM S32192**

**09 December 2014**

Sentence adjudged 17 September 2013 by SPCM convened at Travis Air Force Base, California. Military Judge: Todd E. McDowell.

Approved Sentence: Bad-conduct discharge, confinement for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Jeffrey A. Davis.

Appellate Counsel for the United States: Captain Collin F. Delaney and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Air Force Rule of Practice and Procedure 18.4.

ALLRED, Chief Judge:

A special court-martial composed of officer members convicted the appellant, contrary to his pleas, of use of psilocybin or psilocin mushrooms, divers use of ecstasy, and divers use of cocaine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged and approved sentence was a bad-conduct discharge, confinement for 3 months, and reduction to E-1.

On appeal, the appellant argues (1) the military judge erred in denying his motion to compel a grant of immunity for a potential witness, and (2) the evidence was factually and legally insufficient to support the findings of guilt.[1] We disagree and affirm.

*Background*

The appellant used illegal drugs on numerous occasions. He used hallucinogenic mushrooms and ecstasy, in separate instances, with fellow Airmen in a military dormitory room. On three occasions, the appellant used ecstasy at off base venues. He also used cocaine, once on base and on multiple occasions off base. Two of the Airmen with whom he used drugs were convicted at courts-martial and then testified against the appellant under grants of immunity.

*Motion to Compel Production of Witness*

After they were convicted in separate trials, the general court-martial convening authority (GCMCA) granted testimonial immunity to Airman Basic (AB) Zare and AB Teer—two individuals involved in a drug ring that included the appellant. Both Airmen then testified that the appellant had regularly used illegal drugs in their presence.

Prior to the appellant's trial, his trial defense counsel requested that another individual, Airman First Class (A1C) Scarbrough, also be granted testimonial immunity so he could testify as a defense witness in findings. After the GCMCA denied this request, the defense asked the military judge to either abate the proceedings or compel the Government to grant A1C Scarbrough immunity. According to trial defense counsel, A1C Scarbrough's testimony was necessary because it would contradict aspects of AB Zare's testimony.

After the military judge denied the motion, A1C Scarbrough was called as a witness by the defense and testified that he had never seen the appellant use any illegal drugs, contradicting the testimony of AB Zare who claimed the appellant had used drugs several times in the presence of A1C Scarbrough. On both direct and cross-examination, the witness repeatedly invoked his Fifth Amendment right against self-incrimination when asked about his own drug use.

The appellant's first assignment of error concerns the military judge's denial of the defense motion to compel immunity for A1C Scarbrough or abate the proceedings. We review a military judge's ruling on a defense witness request for an abuse of discretion. *United States v. McElhaney*, 54 M.J. 120, 126 (C.A.A.F. 2000). A military judge's refusal to abate the proceedings is also reviewed for an abuse of discretion. *United States v. Ivey*, 55 M.J. 251, 256 (C.A.A.F. 2001). The military judge's findings of

---

[1] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

fact will be overturned on appeal only if they are clearly erroneous, and we review the military judge's conclusions of law de novo. *Id.*

Rule for Courts-Martial (R.C.M.) 704(e) sets out a three-pronged test for determining when defense-requested immunity must be granted or the proceedings abated. Noting that "the decision to grant immunity is a matter within the sole discretion of the appropriate general court-martial convening authority," R.C.M. 704(e) states that if a defense request to immunize a witness has been denied, the military judge may either order that an appropriate convening authority grant testimonial immunity to the witness or may abate the proceedings if the military judge finds:

> (1) The witness intends to invoke the right against self-incrimination to the extent permitted by law if called to testify; and
>
> (2) The Government has engaged in discriminatory use of immunity to obtain a tactical advantage, or the Government, through its own overreaching, has forced the witness to invoke the privilege against self-incrimination; and
>
> (3) The witness' testimony is material, clearly exculpatory, not cumulative, not obtainable from any other source and does more than merely affect the credibility of other witnesses.

All three prongs of R.C.M. 704(e) must be satisfied before a military judge may overrule the decision of the convening authority to deny a request for immunity. *Ivey*, 55 M.J. at 255.

In applying R.C.M. 704(e) to the present case, the military judge ruled as follows:

> In connection with the defense Motion to Compel Immunity of A1C Jessie A. Scarbrough . . . the court finds, if called to testify [A1C] Scarbrough, who is represented by detailed defense counsel, would invoke his right against self-incrimination to the extent permissible by law.
>
> Two, the court finds no evidence of the discriminatory use of immunity by the government to obtain a tactical advantage in this case, nor does the court find any evidence that the government has through its own overreaching forced [A1C] Scarbrough to invoke the privilege. In fact the court finds that [A1C] Scarbrough is also the target of future

> prosecution by the government for similar criminal allegations of illegal drug use.[2]
>
> And, three, the court finds that the testimony of [A1C] Scarbrough would not be clearly exculpatory based on, at this time, a very limited proffer as to the specifics of what that testimony would entail and the government's proffer that . . . the witnesses . . . will present other matters in support of the specifications involving both cocaine and Ecstasy use by the accused.[3]

The appellant argues the military judge failed to properly analyze the interplay between R.C.M. 704 and the appellant's right of "equal access to witnesses and evidence" found in Article 46, UCMJ, 10 U.S.C. § 846. Citing by analogy to *United States v. Warner*, 62 M.J. 114 (C.A.A.F. 2005), the appellant contends Article 46, UCMJ, prevails over any limitations found in R.C.M. 704 and, therefore, he was improperly denied full access to an essential witness.

In *Warner*, our superior court found the Government improperly exploited its opportunity to obtain an expert vastly superior to the one it authorized for the defense. *Id.* at 120. Although the Government met its due process obligations under R.C.M. 703(d) by providing the defense with a "competent expert," this was insufficient to satisfy the letter and spirit of Article 46, UCMJ, where the Government did not provide the defense with an expert having at least "reasonably comparable" qualifications to its own expert. *Id.* at 118. As it is a congressional statute, "[t]o the extent that Article 46 provides rights beyond those contained within R.C.M. 703, it is our judicial duty to enforce the statutorily-established rights." *Id.* at 121.

We decline to extend *Warner*'s holding to the circumstances of this case. First, we note that the appellant did not raise this *Warner*/Article 46, UCMJ, argument at trial. Second, unlike in *Warner*, we do not find that the Government improperly exploited its opportunity to obtain evidence to the detriment of the defense under the facts of this case.

The failure of the convening authority to grant A1C Scarbrough immunity did not deprive the appellant of his opportunity to obtain witnesses or evidence. A1C Scarbrough was called by the defense and did indeed testify before the members at trial —willingly and without a grant of immunity. On the witness stand, A1C Scarbrough answered most questions posed to him by trial defense counsel, although he did invoke

---

[2] At trial, the Government indicated its intent to prosecute Airman First Class (A1C) Scarbrough at a future date for his drug use. A1C Scarbrough was subsequently tried at a special court-martial in February 2014 and found guilty of drug use and making false official statements.

[3] As indicated by trial counsel during argument on the motion, both Airman Basic (AB) Zare and AB Teer ultimately testified about drug use by the appellant that occurred when A1C Scarbrough was not present.

his right to remain silent when asked questions about his own drug activity. In general, however, A1C Scarbrough testified to all the defense had proffered and hoped he would. Consistent with the defense proffer, A1C Scarbrough testified that he had never seen the appellant use an illegal substance, and he provided travel records from his online vehicle toll account to refute the claims that he was in San Fransisco during the timeframe to which AB Zare testified that they were both present for certain drug activity by the appellant.

Ultimately, the appellant does not—and apparently cannot—offer any suggestion as to what evidence or testimony A1C Scarbrough may have provided if he had been immunized. Instead, he claims that A1C Scarbrough's rights invocation "significantly diminish[ed] his credibility" before the members and thus the appellant did not receive the benefit of Article 46, UCMJ. We disagree. In front of the members, the military judge advised A1C Scarbrough that he had the right to exercise his right to remain silent if asked any questions that may incriminate him. Trial defense counsel then elicited from A1C Scarbrough that, unlike the other Airmen, he had not been granted immunity but still elected to testify for the appellant. Under those circumstances, we do not find A1C Scarbrough's exercise of his right to remain silent diminished his credibility in a meaningful way or resulted in a violation of Article 46, UCMJ.

We also find that the military judge correctly applied the three-pronged test of R.C.M. 704(e), and his findings of fact were not clearly erroneous. We concur with the military judge that the second and third prongs of R.C.M. 704(e) are not met. *See United States v. Richter*, 51 M.J. 213, 223 (C.A.A.F. 1999). The Government did not overreach or engage in a discriminatory use of immunity to obtain a tactical advantage over the defense, A1C Scarbrough was a target of a future prosecution, and any immunized testimony from him would not be material to the appellant's case nor clearly exculpatory as there was no indication that A1C Scarbrough, if immunized, would provide additional evidence directly refuting allegations of drug abuse by the appellant. Given that, the military judge did not abuse his discretion by denying the defense motion that the convening authority grant A1C Scarbrough testimonial immunity or by denying the defense request that the proceedings be abated.

*Legal and Factual Sufficiency*

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant contends the evidence is legally and factually insufficient to support the findings of guilty.

We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). We may affirm only those findings of guilty that we find are "correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). The test for legal

sufficiency is, when the evidence is viewed in the light most favorable to the Government, whether a rational factfinder could have found the appellant guilty of all the elements of the offense beyond a reasonable doubt. *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "The test for factual sufficiency 'is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses,' [this court] 'is convinced of the [appellant]'s guilt beyond a reasonable doubt.'" *Reed*, 54 M.J. at 41 (quoting *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)).

The testimony from the two main witnesses against the appellant, AB Zare and AB Teer, was ample and credible. There was every indication that these Airmen had been—and remained at the time of trial—good friends with the appellant, while there was no indication of bias or motive on their part to testify falsely. Significantly, the testimony of these witnesses was supported by a substantial number of electronic messages in which the appellant incriminated himself by discussing his own illegal drug activity.

We therefore find this assertion of error without merit. Viewing the evidence in the light most favorable to the Government, we are convinced a rational factfinder could find beyond a reasonable doubt the appellant was guilty of the offenses. Upon our own review of the evidence in the record of trial, we are personally convinced of the appellant's guilt beyond a reasonable doubt.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court