UNITED STATES

v.

George T. WALKER, 364–94–3654, Seaman Apprentice (E–2), U.S. Navy.

NMCM 92 02099.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 13 July 1992.

Decided 7 Jan. 1994.

LT Phillip Sundel, JAGC, USNR, Appellate Defense Counsel.

LT Ralph G. Stiehm, JAGC, USNR, Appellate Government Counsel.

Before JONES, Senior Judge, and REED and LAWRENCE, JJ.

PER CURIAM:

Despite his pleas, appellant was found guilty by a military judge sitting alone of attempted distribution of marijuana and conspiracy to distribute marijuana, in violation of Articles 80 and 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 881. He was sentenced to confinement for 8 months, forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged and, except for the punitive discharge, ordered the sentence executed.

The charges stem from a series of transactions in which government witnesses either purchased or attempted to purchase marijuana from Seaman Recruit (SR) Clark and Seaman Apprentice (SA) Johnson. Clark and Johnson shared an apartment in which the majority of the transactions occurred. SR H testified that in February of 1992 he went to the apartment attempting to purchase marijuana. SR H went into a back bedroom with Johnson, where he was told that "they didn't have any" and "that the shop was closed." Appellant was not present during this conversation, but after SR H returned to the front room without any drugs, appellant became suspicious and

asked SR H if he was working with the police or Naval Investigative Service. Despite his denying involvement with any law enforcement authorities, appellant had SR H remove part of his clothing and searched him.

Seaman (SN) R testified that on March 30, 1992, while working in conjunction with Naval Investigative Service, he made a controlled purchase of marijuana from Clark. Appellant was not present during this sale. On April 16, 1992, SN R approached appellant about purchasing a quarter pound of marijuana. Appellant told SN R that it would cost $500.00. SN R was unable to make contact with Naval Investigative Service agents regarding this potential transaction, and the sale was never discussed again. On April 17th, SN R made a second controlled buy from Clark. When SN R arrived, appellant was standing outside and told SN R that he could go on up to the apartment. SN R purchased two ten dollar bags of what, based upon his experience, he knew to be marijuana. While leaving, appellant asked him, "Did you get the shit?"

A Chula Vista police officer testified that during the controlled purchase appellant was pacing back and forth and looking up and down the street and into parking lots. Based upon his experience as a narcotics agent, he concluded that appellant was performing counter-surveillance, looking for under-cover police. When SN R returned from the apartment, he was searched for money and narcotics. The two bags were retrieved and a presumptive test corroborated that they contained marijuana.

The military judge found appellant guilty of Charge I, conspiracy, making a series of exceptions and substitutions. The resulting specification is as follows:

In that Seaman Apprentice George T. Walker, U.S. Navy, USS FANNING, on active duty, did, at or near San Diego, California, on or about March 1992 to April 1992 conspire with Seaman Recruit [Clark], U.S. Navy, to commit an offense under the U.C.M.J. to wit: Violation of Article 112a, the wrongful distribution of marijuana, and in order to effect the object of the conspiracy, the said Seaman Recruit Clark and Seaman [Brown], U.S. Navy, did on diverse occasions during the period March 1992 to April 1992, attempt to distribute marijuana to [SN R] and to [SR H].

The military judge found appellant not guilty of Charge III, distribution of marijuana, but found him guilty of the lesser included offense of attempted distribution of marijuana, in violation of Article 80, UCMJ, 10 U.S.C. § 880, on the basis that he was a principal under Article 77, UCMJ, 10 U.S.C. § 877, to the distribution. Neither counsel requested special findings in addition to these general findings of guilt and none was rendered.

■ In his first two assignments of error, appellant contends that the military judge's findings are unsupported by the evidence.[1] In his brief, appellant asserts that the military judge's findings are inconsistent with the evidence regarding the controlled purchases on March 30th and April 17th because the evidence proved that there was an actual distribution of drugs on those dates. Appellant equates the judge's findings with an acquittal of the March 30th and April 17th drug transactions and argues that the evidence pertaining to the remaining transactions is insufficient to support a conviction.

1. I. THE MILITARY JUDGE ERRED IN FINDING APPELLANT GUILTY OF CONSPIRING WITH SEAMAN CLARK TO DISTRIBUTE MARIJUANA.

II. THE MILITARY JUDGE ERRED IN FINDING APPELLANT GUILTY OF ATTEMPTED DISTRIBUTION OF MARIJUANA WHERE NO ATTEMPTED DISTRIBUTION OCCURRED.

III. THE COURT–MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED).

IV. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED).

V. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED).

VI. BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW THIS CASE. (CITATION OMITTED).

We decline to adopt appellant's speculative interpretation of the military judge's findings. If there are apparent inconsistencies in the guilty findings, we are to follow *United States v. Snipe*, 18 M.J. 172, 175 (C.M.A. 1984), which requires us to "look at the specification upon which a guilty finding has been made to determine whether it may legally stand."

 Generally, an accused is not entitled to relief from an inconsistent verdict. *United States v. Jackson*, 7 U.S.C.M.A. 67, 21 C.M.R. 193, 1956 WL 4569 (1956). The reason for this rule is that the court-martial "may merely have given the accused a break." *United States v. Lyon*, 15 U.S.C.M.A. 307, 35 C.M.R. 279, 285, 1965 WL 4664 (1965). A verdict is not inherently inconsistent if grounds exist "upon which the military judge could legitimately have based such a finding." *United States v. Wilson*, 13 M.J. 247, 251 (C.M.A.1982). Even if the only contested element of the greater offense is also present in the lesser offense, acquittal of the greater offense does not require acquittal of the lesser offense. *United States v. Watson*, 31 M.J. 49 (C.M.A.1990).

We are convinced that, with minor exceptions, the military judge's findings are legally correct. A plausible explanation for the military judge's findings is his dissatisfaction with the government's evidence that the substance in question was in fact marijuana. During argument on findings, the military judge asked trial counsel what evidence was presented on the record to establish that the substance was in fact marijuana. Trial counsel admitted that he had failed to enter the laboratory report into evidence and instead relied on the experience of the government's witnesses to identify marijuana and officer Arsenault's testimony regarding the positive results of the presumptive test. Even conceding the defense argument that such evidence is usually adequate to obtain a conviction, "the possibility that under the evidence, the military judge might also have found appellant guilty of the greater offense," distribution of marijuana, "does not preclude a finding of guilty of the lesser offense," attempted distribution of marijuana. *See Watson*, at 53.

 We have reviewed the record of trial in accordance with Article 66(c), UCMJ, 10 U.S.C. § 866(c), and the standards set forth in *United States v. Turner*, 25 M.J. 324 (C.M.A.1987). Considering all the evidence presented at trial, we are convinced of appellant's guilt of Charge I and its specification, with the exception of the language "and [SN Brown]" and "and to [SR H]." The quoted language is set aside and dismissed. We are also convinced of appellant's guilt of Charge III and its specification, attempted distribution of marijuana.

We have reviewed appellant's remaining assignment of errors and find them to be without merit. *See United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635; *United States v. Graf*, 35 M.J. 450 (C.M.A. 1992); *United States v. Mitchell*, 37 M.J. 903 (N.M.C.M.R.1993) (en banc). The findings, as modified herein, and the sentence, as approved on review below, are affirmed.