EFFRON, Chief Judge,
with whom BAKER, Judge,
joins (dissenting):
Appellant was convicted of a variety of offenses arising out of an incident involving his wife and his infant son. The offenses included assaulting his wife, assaulting his son, resisting apprehension, making a false official statement, and signing a false official record.
At trial, a military law enforcement officer who responded to the scene of an altercation between Appellant and his wife on August 28, 2004, testified about the information he had obtained from Appellant’s wife. According to the officer, Appellant’s wife said that Appellant had pushed her to the ground while she was holding their infant son. Appellant, in a written statement provided on the day of the incident, acknowledged that he pushed and kicked his wife, but denied that his wife *96 was holding their son during the incident. Four neighbors, all of whom only witnessed fragments of the altercation, testified about portions of the incident.
Appellant and his wife were the only persons present for the entire incident. At trial, the prosecution introduced Appellant’s sworn statement into evidence, along with the testimony of the military law enforcement officer recounting the statement attributed to Appellant’s wife.
On appeal, the United States Army Court of Criminal Appeals held that the military judge erred in permitting the prosecution to offer the military law enforcement officer’s version of the statement attributed to Appellant’s wife. The court concluded that the statement attributed to the wife, as recounted in court by the military law enforcement officer, was testimonial. United States v. Crudup, 65 M.J. 907, 910 (A.Ct.Crim.App.2008). As such, the court held that the erroneous admission of this statement deprived Appellant of the right of confrontation under the Sixth Amendment to the Constitution. Id. at 907, 909-10.
The sole issue before our Court is whether the improper admission of the testimonial statement attributed to Appellant’s wife was harmless beyond a reasonable doubt. See United States v. Othuru, 65 M.J. 375, 377 (C.A.A.F.2007) (observing that the “Government bears the burden of establishing that [the] constitutional error has no causal effect upon the findings”). I agree with the majority that the proper standard for the harmless error analysis is set forth in Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). For the reasons set forth below, I respectfully dissent from the majority’s application of those factors in this case.
The first factor under Van Arsdall involves the importance of the witness’s testimony. The statement attributed to Appellant’s wife differed from the statements of the other witnesses in two vital respects. First, she was the only person, other than Appellant, to observe the incident in its entirety. Second, as an alleged victim in a charge growing out of the same incident, her testimony would likely have carried greater weight with the panel than the testimony of bystanders.
The second factor asks whether the testimony was cumulative. Although other witnesses testified as to portions of the incident, thus replicating the descriptive content of the wife’s statement to the military law enforcement officer, the statement attributed to Appellant’s wife was qualitatively unique. Only she could offer a description based on witnessing the entire incident, and only she could offer the perspective of being both the mother of the other alleged victim and an alleged victim herself.
The third factor considers other evidence corroborating or contradicting the inadmissible statement. Only Appellant and his wife witnessed the incident from start to finish; none of the other witnesses observed the entire altercation. Mrs. F looked away when she called the military police. Specialist (SPC) F could not see what was happening as he ran downstairs to intervene. Sergeant (SGT) L was asleep when the altercation began. Ms. R turned her back to the scene as she carried off Appellant’s son to safety. The altercation also occurred in the early morning hours when it was still relatively dark outside, and the closest bystander-witness was no closer than ten feet from the couple when Appellant’s wife fell to the ground.
The testimony presented in the court-martial contains a variety of contradictory statements about the incident. Ms. R stated that Appellant’s wife was not pushed, but instead fell while walking backwards away from Appellant. Although SPC F and SGT L testified they saw Appellant’s infant son in Appellant’s wife’s arms during the altercation, SPC F provided a different version of the events in his initial statement to military law enforcement officials. Given the conflicting evidence regarding whether the infant was in his mother’s arms as she fell to the ground, the importance of the statements attributed to Appellant’s wife cannot be discounted.
The fourth factor involves the extent of cross-examination permitted at trial. Be *97 cause Appellant’s wife did not testify, there was no cross-examination.
The fifth factor concerns the overall strength of the Government’s case. I agree with the majority that the prosecution presented significant evidence at trial, even without the statement of Appellant’s wife. The evidence presented about the incident, however, consisted of partial observations and sometimes conflicting witness statements. The testimony of Ms. R, the only testifying witness who directly intervened in the incident as it occurred, contradicted the other witnesses on the critical question of whether Appellant caused his wife’s fall. Appellant did not make any confession, complete or partial, to injuring his son. On the contrary, Appellant denied that his son was in the wife’s arms during the incident. The Government did not introduce any medical evidence that the child suffered injuries as a result of the incident, nor did the Government introduce any photographic evidence of physical injuries. In that regard, the Government relied solely on lay witness testimony that the child had red marks and bruising on his face that had not been observed prior to the incident.
Even though a reasonable factfinder could have returned a verdict of guilty based on the evidence presented in this case, see United States v. Turner, 25 M.J. 324, 324 (C.M.A. 1987) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)), that is not the standard at issue in this appeal. Here, the Government bears the burden of demonstrating that the erroneous admission of the wife’s testimony was harmless beyond a reasonable doubt. In light of the Van Arsdall factors, the Government has failed to meet its burden of demonstrating that “there is no reasonable possibility that the presence of the ... testimonial statements contributed to the contested findings of guilty.” Othuru, 65 M.J. at 377. I would find that the constitutional error is not harmless beyond a reasonable doubt, vacate the sentence, and remand for a new trial.