**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman Basic SYRIL D. MELVIN, IV**
**United States Air Force**

**ACM S32210**

**1 April 2015**

Sentence adjudged 8 January 2014 by SPCM convened at Sheppard Air Force Base, Texas. Military Judge: Matthew S. Ward.

Approved Sentence: Bad-conduct discharge and forfeiture of $600.00 pay per month for 3 months.

Appellate Counsel for the Appellant: Captain Johnathan D. Legg.

Appellate Counsel for the United States: Major Jason S. Osborne and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

The appellant providently pled guilty to the wrongful use of marijuana; and, contrary to his other pleas, a special court-martial composed of officer and enlisted members found the appellant guilty of conspiracy to obstruct justice and introduction of marijuana onto Sheppard Air Force Base, in violation of Articles 81 and 112a, UCMJ, 10 U.S.C. §§ 881, 912a. The approved sentence was a bad-conduct discharge and forfeiture of $600 pay per month for 3 months. The appellant avers one error: the evidence regarding the conspiracy to obstruct justice is legally and factually insufficient. We disagree and affirm the approved findings and sentence.

*Background*

Early in the morning of 22 September 2013, the appellant's vehicle was selected for a random inspection upon entering Sheppard Air Force Base, Texas. The search included the use of a military working dog trained to detect the odor of various illegal substances. The military dog alerted while in the front seat, indicating a substance was located near the steering wheel and radio. Security Forces members then entered the car and removed the face of the radio, behind which they found a bag containing a green leafy substance and two cigarillos. Forensic testing of the substance identified it as marijuana.

Mr. Malon Ardamus-Kenyan Allen testified under a grant of immunity. He and the appellant were good friends. The appellant told him the military police found marijuana in his car. Mr. Allen stated that he independently decided to tell the police that he was the owner of the marijuana because he believed that as a civilian he could not be prosecuted. He stated he called the appellant and falsely told him, "Yeah, it was mine, man. . . . I put it in your dash." He then asked the appellant for the phone number of the police officer he should tell, and the appellant told him to "Google" it. Mr. Allen eventually called and falsely claimed that the marijuana was his. On cross-examination, Mr. Allen answered, "No, sir," when asked, "Was there ever any agreement between you and [the appellant] that you would lie to OSI?"

Detective MB with the Joint Drug Enforcement Team interviewed the appellant. The appellant admitted he had used marijuana while on leave but denied knowing there was marijuana in his car. The appellant blamed his cousin for putting the marijuana in his car. On the evening of 23 September, the appellant called Detective MB and asked him, "You know, if I have an individual that comes forward and says that bag of weed is his, would he get arrested for it or in trouble?" Detective MB told the appellant that this other person would not get arrested but that the bottom line was the marijuana was in the appellant's car. The appellant then called Detective MB again on the morning of the 24th and again asked a similar question, then stated that "he had a guy who wants to come forward and claim the weed." Detective MB told the appellant to provide this person his number. Shortly thereafter Mr. Allen called the detective, and they arranged to meet on the 25th.

At the meeting on the 25th, Mr. Allen at first claimed that the marijuana was his. Detective MB confronted Mr. Allen with portions of the appellant's statement and the offenses of lying to a law enforcement investigator. Mr. Allen then admitted that it was not his marijuana. Detective MB asked Mr. Allen if he and the appellant had talked about the false statement he would provide. According to Detective MB, Mr. Allen "stated on the 23rd and then the 24th that [he] and [the appellant] had had conversations about the bag of weed. And then Allen told [Detective MB] finally on the 23rd is when

he agreed that he would take the blame for the bag of weed in order to help his friend out."

*Legal and Factual Sufficiency*

We review issues of factual sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] . . . convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *Turner*, 25 M.J. at 324. "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citing *United States v. Rogers*, 54 M.J. 244, 246 (C.A.A.F. 2000)).

> Under Article 81, UCMJ, conspiracy requires: (1) That the accused entered into an agreement with one or more persons to commit an offense under the code; and (2) That, while the agreement continued to exist, and while the accused remained a party to the agreement, the accused or at least one of the co-conspirators performed an overt act for the purpose of bringing about the object of the conspiracy. Conspiracy need not be in any particular form or manifested in any formal words, rather it is sufficient if the agreement is merely a mutual understanding among the parties. The existence of a conspiracy may be established by circumstantial evidence, including reasonable inferences derived from the conduct of the parties themselves.

*United States v. Harman*, 68 M.J. 325, 327 (C.A.A.F. 2010) (brackets, citations, and internal quotation marks omitted).

The appellant argues that his conviction of the alleged overt act—that the appellant called Detective MB to inquire about potential criminal liability for civilians— is legally and factually insufficient. "[A]n overt act is something apart from the

conspiracy of agreement. It must be an independent act following the conspiracy; it must be done to effect the object of the conspiracy." *United States v. Collier*, 14 M.J. 377, 378 (C.M.A. 1983) (quoting *Marino v. United States*, 91 F.2d 691, 694 (9th Cir. 1937)) (internal quotation marks omitted). The appellant argues that the evidence is not sufficient to show that the overt act occurred after the conspiracy as opposed to occurring either before or during the forming of the conspiracy. "As a matter of law, an act done by the conspirators prior to their agreement is not sufficient to constitute the overt act required for a conspiracy conviction." *United States v. Farkas*, 21 M.J. 458, 460 (C.M.A. 1986).

Detective MB provided evidence that Mr. Allen and the appellant entered an agreement on 23 September for Mr. Allen to falsely claim ownership of the marijuana. After the agreement was formed, the appellant called Detective MB on 24 September to confirm that a civilian who claimed possession would not be arrested. We agree that if the phone calls to Detective MB only occurred before the agreement, the evidence would not be legally or factually sufficient. However, our review of the evidence convinces us that the phone call by the appellant on 24 September occurred after the agreement and was done for the purpose of bringing about the object of the conspiracy that is the obstruction of justice. The fact the appellant made a similar phone call the day before either during the forming of the conspiracy or before the conspiracy does not diminish the evidence that he made a phone call the next day after forming the conspiracy. After applying the test for legal sufficiency and viewing the evidence in the light most favorable to the prosecution, we conclude the evidence is legally sufficient. Additionally, taking a fresh, impartial look at the evidence in the record and making allowances for not having personally observed the witnesses, we find the evidence factually sufficient beyond a reasonable doubt. We make this determination in part because while we believe the appellant and Mr. Allen were friends, we do not believe the majority of the remainder of his testimony.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court