**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Elmer L. MOLINA**
**Fireman (E-3), U.S. Coast Guard**

**CGCMG 0304**
**Docket No. 1393**

**18 September 2015**

General Court-Martial convened by Commander, Coast Guard Force Readiness Command.
Tried at Alameda, California, on 23 July, 25 September, & 4-9 November 2013.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LT Geralyn M. van de Krol, USCG |
| Assistant Trial Counsel: | LT Rebecca B. Shults, USCG |
| Defense Counsel: | LCDR Shane E. Johnson, JAGC, USN |
| Assistant Defense Counsel: | LT Leah A. O'Brien, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Daniel Velez, USCGR |

**BEFORE**
**McCLELLAND, DUIGNAN & KOVAC**
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas, Appellant was convicted of one specification of sexual assault, one specification of aggravated sexual contact, and one specification of abusive sexual contact, all in violation of Article 120, Uniform Code of Military Justice (UCMJ); one specification of assault and battery, in violation of Article 128, UCMJ; and one specification of unlawful entry, in violation of Article 134, UCMJ. The court sentenced Appellant to reduction to E-1, restriction for two months, hard labor without confinement for three months, and a bad-conduct discharge. The Convening Authority approved the sentence, but did not execute the restriction and hard labor without confinement.

Before this court, Appellant has assigned the following errors:

I.     The military judge erred in denying the defense's challenges for cause against two panel members.

II.    Article 120(b)(3), UCMJ, does not define what level of impairment renders a person incapable of consenting to sexual acts, and is therefore void for vagueness.

III.   The evidence presented at trial was not factually and legally sufficient to support the convictions of sexual assault.

We summarily reject the second issue. We note that the fact that no instruction was given on what level of impairment renders a person incapable of consenting to sexual acts does not create vagueness in the statute.[1] We discuss the other two issues and affirm.

## Challenges for cause

Appellant asserts that the military judge erred in denying defense challenges for cause against court members LCDR W and MCPO B.

A military judge's ruling on an actual bias challenge is reviewed for abuse of discretion, and is afforded great deference. *United States v. Nash*, 71 M.J. 83, 88-89 (C.A.A.F. 2012); *United States v. Clay*, 64 M.J. 274, 276 (C.A.A.F. 2007). An implied bias challenge is reviewed pursuant to a standard that is less deferential than abuse of discretion, but more deferential than de novo review. *United States v. Peters*, 74 M.J. 31, 33 (C.A.A.F. 2015); *United States v. Napoleon*, 46 M.J. 279, 283 (C.A.A.F. 1997).

Appellant was charged with two specifications under Article 120, of which he was eventually convicted, alleging a sexual act or sexual contact "when the accused knew or reasonably should have known that [the complainant] was incapable of consenting to the sexual act due to impairment by an intoxicant and that condition was known or reasonably should have been known by the accused." These were Specifications 6 and 7 of Charge II, as labeled at trial (Appellate Ex. XXXVIII) and in the promulgating order.

---

[1] There was no objection at trial to the lack of an instruction.

During voir dire, LCDR W was asked whether a person can consent to sex if they are drunk. He answered, "I think it depends on the situation." (R. at lines 3619-23.) After a colloquy establishing that he understood an alcohol blackout to be a condition in which a person is conscious but they do not remember what they did, he expressed the opinion that a person who is in that condition is not "in a position to consent to sex." (R. at lines 3624-49.) He also affirmed that he was willing and able to listen to the judge's instructions and definitions in regard to impairment and substantial incapacitation, and apply those definitions. (R. at lines 3653-57.)

Similarly, MCPO B stated during voir dire that once alcohol is involved, a person cannot consent. (R. at lines 4127-45.) Again, after it was established that he understood an alcohol blackout to be a condition in which a person cannot remember what happened while the person was drinking, he expressed the opinion that such a person would not be able to consent to sex. (R. at lines 4151-71.) He also affirmed that, in regard to alcohol and consent, he would be able to put aside his personal opinions and follow the law and instructions as provided by the military judge. (R. at lines 4183-89.) The military judge followed up thus:

> MJ: I think you're equating, like, a BAC level with consent, like, if you're too drunk to drive, you potentially are too drunk to consent to sex?
>
> MCPO B: Correct.
>
> MJ: So, if I instructed you that there is no equation of those things, um, in regard to a sex assault case, would you be able to follow my instructions?
>
> MCPO B: Yes.

(R. at lines 4192-99.)

At the beginning of the session at which challenges were addressed, the military judge recited her understanding of the law concerning actual and implied bias, and the "liberal mandate" to liberally grant defense challenges for cause in close cases.

The Government preemptively challenged for cause two members who had personal or family experiences with sexual assault; these challenges were granted by the military judge. Appellant challenged six members, including LCDR W and MCPO B; three challenges were

granted, one other was denied but followed by peremptory challenge, and the challenges of LCDR W and MCPO B were denied; they sat as members.

Appellant contends that the military judge erred in denying the challenges of these two members, and that their attitudes and opinions about consent and alcohol consumption create a perception of bias and unfairness in the trial. In light of their unhesitating expressed willingness to follow the instructions of the military judge, we reject this contention. Neither actual nor implied bias was established. The military judge did not err in allowing these members to remain on the court.

### Sufficiency of evidence

Appellant argues that, with respect to the two specifications of Charge I and Specifications 4-7 of Charge II, the Government did not prove beyond a reasonable doubt that Appellant did not have a reasonable mistake of fact concerning the complainant's consent to sex[2]. He also asserts that the evidence does not establish that the complainant was incapable of consenting due to impairment.

As already stated, Appellant was convicted of two specifications under Article 120 (Specifications 6 and 7 of Charge II) alleging a sexual act or sexual contact "when the accused knew or reasonably should have known that [the complainant] was incapable of consenting to the sexual act due to impairment by an intoxicant and that condition was known or reasonably should have been known by the accused." [3]

The test for legal sufficiency is whether, considering the evidence in the light most favorable to the Government, any reasonable factfinder could have found the elements of the

---

[2] These six specifications involved a single complainant in a single incident.

[3] He was also convicted of two specifications of attempted sexual assault in the nature of sodomy, and two specifications alleging a sexual act or sexual contact "when the accused knew or reasonably should have known that [the complainant] was asleep or otherwise unaware that the sexual act/contact was occurring." Before sentencing, the military judge dismissed these specifications (the two specifications of Charge I and Specifications 4 and 5 of Charge II), instructing the members that they were not separate offenses from Specifications 6 and 7 of Charge II for the purpose of sentencing. Concerning the allegation that the complainant was asleep or otherwise unaware, Appellant asserts that since she testified to feeling the sexual acts or woke up to them, she could not have been asleep or unaware.

offense beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 US 307, 319 (1979)). The test for factual sufficiency is whether, after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses, this Court is convinced of Appellant's guilt beyond a reasonable doubt. *Turner,* 25 M.J. at 325; *see* Article 66(c), UCMJ.

We are satisfied that the evidence supporting the conviction of Specifications 6 and 7 of Charge II is legally sufficient, and we are convinced beyond a reasonable doubt of Appellant's guilt.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges DUIGNAN and KOVAC concur.



For the Court,

Shelia R. O'Reilly
Clerk of the Court