# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SALUSSOLIA, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 TOUFDY H. LOUSSOUBA**
**United States Army, Appellant**

ARMY 20180132

Headquarters, I Corps
Timothy P. Hayes, Jr. and Douglas K. Watkins, Military Judges
Colonel Steven C. Henricks, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Patrick G. Hoffman, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Dustin B. Myrie, JA; Captain Thomas J. Darmofal, JA (on brief).

18 December 2019

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

An officer panel sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of wrongful possession of a controlled substance, one specification of wrongful use of a controlled substance, and one specification of consuming alcohol under the age of twenty-one years, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 934 [UCMJ]. The panel also convicted appellant, contrary to his pleas, of one specification of maiming, in violation of Article 124, UCMJ, and acquitted appellant of one specification of attempted murder, charged in violation of Article 80, UCMJ. The panel sentenced appellant to a bad-conduct discharge, twenty-seven months confinement, total forfeitures, a reprimand, and reduction to the grade of E-1. The

convening authority approved the sentence as adjudged, and credited appellant with 201 days against his sentence to confinement.

Appellant's case is now before us for review pursuant to Article 66, UCMJ. On appeal, appellant raises one assignment of error: that his conviction for maiming is legally and factually insufficient. As discussed below, we find appellant's conviction for maiming sufficient both legally and factually.

## BACKGROUND

In the early morning hours of 3 September 2017, appellant and a group of other soldiers stationed at Joint Base Lewis-McChord, Washington, were drinking, smoking, and listening to music at a smoke pit near appellant's barracks building. By 0500, appellant was "drunk," "loud," and "very obnoxious." Specialist (SPC) KS, one of the other soldiers at the smoke pit, decided to escort appellant back to his barracks room to keep him from "get[ting] in trouble."

After escorting appellant back to his barracks room, SPC KS went to his own barracks room to sleep. Soon after arriving at his barracks room, SPC KS realized he left his phone and speaker at the smoke pit, and went to retrieve the items. Upon arriving back at the smoke pit, SPC KS noticed that appellant had also returned. Specialist KS then approached appellant to again escort him back to his barracks room.

This time, instead of agreeing to go to his barracks room, appellant pulled out two knives and slashed at SPC KS. One of the knives contacted SPC KS, causing a laceration across SPC KS's neck. After being cut, SPC KS ran into a nearby barracks building seeking assistance. One soldier in the barracks rendered aid by applying pressure to SPC KS's neck wound, while another soldier called 911.

Specialist KS was taken to the on-post emergency room, where the attending trauma surgeon, Major (MAJ) Kevin Clive, assessed and treated SPC KS. Major Clive assessed SPC KS's wound as "easily evaluated" and "superficial," and treated SPC KS's wound by closing it with absorbable sutures. Major Clive also opined that SPC KS would "most likely have a visible scar" as a result of the injury, and SPC KS is at "increased risk for hypertrophic scarring/keloid formation given that he is African-American." Other than the scar, MAJ Clive did not expect "further complications or long-term consequences" of SPC KS's injury.

At trial in March 2018, the government admitted a photograph of the wound on SPC KS's neck that was taken a few days after the injury. As part of SPC KS's testimony, the government also asked SPC KS to step down from the witness stand and display the scar on his neck to the panel members. The government neither described nor admitted pictures of SPC KS's neck scar as it appeared at trial.

## LAW AND DISCUSSION

This Court holds findings of guilt legally sufficient when any rational fact finder "could have found all essential elements of the offense beyond a reasonable doubt." *United States v. Nicola*, 78 M.J. 223, 226 (C.A.A.F. 2019) (citations omitted). In conducting our legal sufficiency review, we are obligated to draw "every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Robinson*, 77 M.J. 294, 298 (C.A.A.F. 2018) (citations omitted). "As such, the standard for legal sufficiency involves a very low threshold to sustain a conviction." *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019) (citation and internal marks omitted).

With regard to factual sufficiency, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). We may not affirm a conviction unless, "after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses," we are personally convinced beyond a reasonable doubt of appellant's guilt. *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

In order to sustain a conviction for maiming, the government must prove beyond a reasonable doubt: "(1) That the accused inflicted a certain injury upon a certain person; (2) That this injury seriously disfigured the person's body, destroyed or disabled an organ or member, or seriously diminished the person's physical vigor by the injury to an organ or member; and (3) That the accused inflicted this injury with an intent to cause some injury to a person." *Manual for Courts-Martial, United States* (2016 ed.) [*MCM*], pt. IV, ¶ 50.b.

"The essence of the offense of maiming is the permanency of the injury inflicted." *United States v. Goins*, 18 U.S.C.M.A. 395, 398, 40 C.M.R. 107 (1969). "The disfigurement, diminishment of vigor, or destruction or disablement of any member or organ must be a serious injury of a substantially permanent nature," regardless of whether "the victim may eventually recover the use of the member or organ, or that the disfigurement may be cured by surgery." *MCM*, pt. IV, ¶ 50.c.(1). This court has also held that when analyzing whether scarring is sufficient to sustain a maiming conviction, the scars must be "easily detectable to the casual observer" when the scar is actually viewed. *United States v. Morgan*, 47 M.J. 644, 648 (Army Ct. Crim. App. 1997) (discussing *United States v. McGhee*, 29 M.J. 840, 841 (A.C.M.R. 1989)).

Applying the test for legal sufficiency to the facts and elements in this case, we find that appellant's conviction for maiming is indeed legally sufficient. The government produced sufficient evidence that a rational fact finder could be

convinced, beyond a reasonable doubt, that appellant's actions, along SPC KS's injury, satisfy the elements of maiming.

With regard to factual sufficiency, we are personally convinced beyond a reasonable doubt that appellant is guilty of maiming SPC KS. Looking at the elements of maiming, the record conclusively demonstrates, and appellant does not contest on appeal, that appellant intended to cause and indeed caused an injury to SPC KS. Instead, appellant's argument before this court focuses solely on whether SPC KS's injury is of sufficient severity to satisfy the second element of maiming. We are convinced that it does.

In reaching our conclusion, we find persuasive the photograph of SPC KS's injury a few days after it occurred, MAJ Clive's stipulation of expected testimony explaining the permanency of SPC KS's scar, and appellant's presentation of his scar to the panel during his testimony. Unquestionably, the government should have taken additional steps to preserve the record with photographs or a description of the scar on the day of trial. Nonetheless, after making allowances that the fact finders personally observed SPC KS's scar on the day of trial, we are personally convinced beyond a reasonable doubt that SPC KS's injury satisfies the second element of maiming in both severity and permanency.*

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

---

* We are cognizant that we must make "allowances for not having personally observed the witnesses" when conducting our factual sufficiency review. *Turner*, 25 M.J. at 325. Such allowances are especially important in this case as SPC KS's scar was displayed to the panel during his testimony, but neither the government nor the military judge took steps to describe the scar or preserve it via photograph. In some cases, the government's failure to preserve the record of trial with a description or photograph of what was presented to the panel may preclude us from being convinced as to an appellant's guilt. However, in this case, the photograph of the wound days after it occurred, the stipulation of expected testimony, the fact that the panel members themselves saw appellant's scar up close, that the panel was properly instructed regarding the "substantially permanent nature" of SPC KS's injury, and that they were themselves satisfied that appellant's scar was sufficiently severe, combine to convince us of appellant's guilt.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court